### DEAN *vs*. MUNROE.

A new promise, made by the maker of a promissory note, is not sufficient to take it out of the operation of the Statute of Limitations as against an indorser.

Action on a promissory note, in Bibb Superior Court. Tried before Judge IVERSON L. HARRIS, at the May Term, 1860.

On the 18th day of October, 1858, Nathan C. Munroe instituted an action, in Bibb Superior Court, against George M. Logan & Co., as makers, and James Dean, as indorser, to recover the amount of a promissory note, of which the following is a copy, to-wit:

Dean *vs.* Munroe.

" $1,000　　　　　　　　　　　*Macon, Dec.* 23, 1851.

"Four months after date we promise to pay to the order of James Dean, one thousand dollars, value received.

GEO. M. LOGAN & Co."

This note was indorsed by the said James Dean, and had entered upon it a credit as follows, to-wit:

" $293 59. Received on the within note two hundred and ninety-three dollars and fifty-nine cents, in a part of claim for that amount on Miss Jane Irwin.

*January* 1, 1853."

To this action Dean pleaded the Statute of Limitations.

On the trial of the case in the Court below, it appeared in evidence: that Dean was an accommodation indorser of the note, and had no interest in the consideration thereof; that the credit was a *bona fide* payment, made by Logan, at the time it bears date; that Dean knew of the payment shortly after it was made, but whether he knew of it at the time of the payment did not appear; that on the 6th of March, 1852, Dean promised George M. Logan, that he would pay the nate sued on, if he, Logan, would turn over to Asa Holt certain assets of the firm of Logan & Atkinson; that the assets were turned over accordingly; that Dean had received of Logan & Co. assets, to secure him for any indorsements made by him for said Logan & Co.; and that the note sued on was lodged in bank for collection, and that the note was protested for non-payment, on the 26th of April, 1852, by Peter Solomon, Notary Public.

Counsel for defendant Dean objected to the introduction of the note as evidence against said Dean, because neither the payment by Logan, nor the promise made by Dean on the 6th of March, 1852, took the case out of the operation of the Statute of Limitations as against Dean.

This objection was overruled by the presiding Judge, who decided that by the Act of 1826, Dean was security, and was liable as such, and that therefore the payment made by Logan on the note, arrested the operation of the Statute of Limitation in favor of Dean.

The jury returned a verdict in favor of the plaintiff, against Dean, for the principal and interest of the note, the protest fee and costs of suit.

The plaintiff in error asks a reversal of the judgment, because of error in the said decision and ruling of the Court.

C. B. COLE for plaintiff in error.

L. N. Whittle for defendant in error.

*By the Court*—JENKINS, J., delivering the opinion.

The principal question in this case is, whether a promise made by the maker of a promissory note, is sufficient to take the case out of the Statute of Limitations, as against the indorser.

This question was elaborately argued, and upon great deliberation decided by this Court, at the Savannah term, in June, 1860, the case being still unpublished.

The Court held, in that case, that the new promise of the maker was not sufficient to take the case out of the Statute as against the indorser.   To that decision we adhere.

The only other question in this case grew out of a new promise made by the indorser himself; but the record shows that that promise, as well as the orignal undertaking, was barred by the Statute.

We, hold, therefore, that the Court below erred in admitting the note in evidence, and that there was error in the final judgment, which is reversed.

Judgment reversed.