DOSTER, administrator, *vs.* ARNOLD.

1. A special order is necessary to relieve an administrator from the forfeiture of commissions for failure to make annual returns. Code, §2596. Approving and recording a final return in which forfeited and non-forfeited commissions are credited together, will not relieve.
2. An administrator may, on the special facts, be chargeable with interest though he made none, and though, because threatened with, expecting, or engaged in, litigation, and advised by counsel to retain the money in hand, he failed to put it out and make it productive. Where the jury could have arrived at the amount of their verdict by counting interest, or by disallowing commissions and extra compensation, or partly by the one process and partly the other, the verdict may stand.

Administrators and executors. Commissions. Interest. Before Judge BUCHANAN. Coweta Superior Court. September Term, 1877.

This case arose upon a rule by Arnold against Doster as administrator of Hilton, requiring him to show cause why he should not pay over to movant the moneys in his hands

in accordance with a decree rendered on a bill filed by said administrator against the persons interested in the estate of intestate, to marshal the assets. The respondent replied that he had complied with such decree, and had no further funds in hand. Upon the issue thus formed, the evidence presented the following facts:

Respondent was appointed administrator on November 1, 1869. He sold the lands belonging to the intestate in February, 1870, receiving therefor $850.00. At the September term, 1872, was rendered the decree above alluded to, which, after providing for certain items, directed that the balance in hand be paid to claims held by movant. In March, 1873, respondent made the only return ever presented by him. In this he failed to charge himself with any interest, and credited himself with the following items: extra compensation $102.50; commissions on amount received and paid out, $42.50. These were the only matters in controversy. This final and only return was approved and ordered to record. No special order was shown relieving the respondent from forfeiture of commissions for failure to make returns.

The jury found for movant $125.00, with interest from date of decree, and costs.

The respondent moved for a new trial upon the ground that the verdict was contrary to law and evidence, and because the court, after charging the following request: "that the judgment of the court of ordinary admitting returns to record, is *prima facie* evidence in favor of respondent, and, of course, conclusive unless rebutted. In favor of the court of ordinary, the superior court must presume, until the contrary is shown, that what appears to have been done by it was done legally," added "but the burden is on the respondent to show special cause and special order allowing him commissions, if the returns show that they were not made annually."

The motion was overruled and the respondent excepted.

W. A. TURNER; J. B. S. DAVIS, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Judge.

1. The Code, section 2596, declares that "administrators and other trustees failing to make annual returns . . . shall forfeit all commissions for transactions during the year within which no return is made, unless the ordinary, upon cause shown, shall, by special order on the minutes, relieve them from this forfeiture." When the ordinary merely approves and records a final return in which forfeited and non-forfeited commissions are credited together, there is no special order relieving from the forfeiture.

2. It will not do to hold that an administrator is not chargeable with interest if he made none. He must render a good reason—some reason undoubtedly and conclusively good—why he did not make. That he was threatened with, or was expecting, or was actually engaged in, litigation, and was advised by counsel to retain the money in hand, and therefore failed to put it out and make it productive, will not necessarily relieve him. On the special facts he may be chargeable. For instance, he may have used the money, or some of it, in his own business. On scrutinizing the record, we discover that the jury may have arrived at their verdict by counting interest, or by disallowing commissions and extra compensation, or partly by the one means and partly by the other. We cannot be sure that the verdict is wrong. It may stand.

Cited for plaintiff in error: 19 *Ga.*, 167; 55 *Ib.*, 187; Code, §2527; 10 *Ga.*, 69; 4 *Ib.*, 47; 9 *Ib.*, 246; Code, §2593–4, 2607; 38 *Ga.*, 41.

Cited for defendant in error: Code, §§2525, 2596, 2601–2–3, 2594.

Judgment affirmed.