## McBride, administrator, *vs*. Hunter.

1. A payment and entry thereof on a note by the principal does not prevent the bar of the statute of limitations from attaching in favor of his security. Nor can the administrator of one who signed a note only as security, relieve it from the bar of the statute so far as primary creditors may be affected thereby. Especially is this the case where the note was barred before the death of the security.
2. Where certain creditors of an estate by note received payments thereon and agreed to release the administrator from personal liability on account of a previous improper payment of a note barred by the statute of limitations, in a subsequent suit by a creditor by account against the administrator, such notes were not admissible to show outstanding debts of higher dignity than plaintiff's.
(a.) Accounts of no greater dignity than plaintiff's, which the admin-

istrator had paid in full, were not admissible to show a full administration of the estate, nothing having been paid to plaintiff.

3. Where an administrator had not made annual returns, and no order had been granted allowing him commissions, he was not entitled thereto on an issue of *plene administravit*.

4. The plaintiff in error does not show error. In strictness he is not entitled to except, having consented to the entering of a verdict against him, even though he may have reserved the right.

Evidence. Principal and security. Administrators and executors. Verdict. Practice in the Superior Court. Practice in the Supreme Court. Before Judge JOHNSON. Jefferson Superior Court. November Adjourned Term, 1879.

To the report contained in the decision, it is only necessary to add that the defendant moved for a new trial on the following grounds:

(1.) Because the court erred in holding that the note made by Thomas A. McBride, principal, and R. B. McBride, security, was barred as against the security by the statute of limitations when the payment was made thereon by defendant, and in ruling out said note and the receipt for said payment as evidence before the jury.

(2.) Because the court erred in ruling as follows: Defendant by his counsel offered in evidence to the jury his return and vouchers, and the original notes upon which he had made payments, when counsel for plaintiff objected to their admission as evidence to the jury, which objection was sustained by the court as to accounts not of preferred dignity (the defendant having testified that at the time of his decedent's death there were outstanding notes against him sufficient to absorb all the assets of his estate)—the court holding that the payment by defendant of a portion of said accounts against said estate was an act of maladministration which inured to the benefit of plaintiff and other account creditors, and that the amount so paid on accounts by defendant is a fund still in his hands for administration, and which should be divided *pro rata* by defendant.

(3.) Because the court erred in ruling that it would not allow defendant his commissions, and that he must be made liable for them.

(4.) Because the court erred in ruling that the account of Bothwell & Brother could not be admitted to share *pro rata* in the funds paid on accounts.

(5.) Because the verdict was contrary to law and evidence.

The motion was overruled, and defendant excepted.

R. W. CARSWELL, for plaintiff in error.

EDWARD HUNTER, by brief, for defendant.

JACKSON, Justice.

This case came before the superior court on an appeal from the county court, when the jury, under the charge of the presiding judge, returned a verdict for the plaintiff for the amount of the account sued on. The defendant was sued as administrator of his father's estate on an account against the decedent in his lifetime, and the parties went to trial on the issue made by the plea of *plene administravit* filed by the defendant; and the motion for a new trial is grounded on complaints made in respect to the rulings of the court.

The following summary of the facts and rulings of the court made by the counsel for the defendant in error when compared with the record of the cause are found to be substantially correct, and cover the points made in the motion for a new trial:

Thomas A. McBride, administrator, on March 10th, 1876, paid A. R. Roberts $157.19 on a note of which the following is a copy. See voucher No. 26.

"One day after date we or either of us promise to pay to A. R. Roberts, the sum of two hundred and thirty-two dollars for value re-received.

January 1st, 1866.          T. A. McBRIDE,
                               R. B. McBRIDE, *Security.*"

Credit. "Received on the within note $51.09 by account from Samuel J. Gordan, administrator of T. A. McBride, deceased. January 1st, 1872.                    A. R. ROBERTS."

A. R. Roberts gave the following receipt, to-wit :

"Received of T. A. McBride, administrator of estate of R. B. McBride, deceased, one hundred and fifty-seven dollars, nineteen and three-fifths cents on the original note of which the above is a copy, and said administrator is hereby acquitted of all personal liability to me on account of said demand against said estate. This March 10th, 1876.                    CARSWELL & DENNY,
*Attorneys for A. R. Roberts.*"

When plaintiff in error offered this note and receipt in evidence, the defendant in error objected to them on the ground that the note was barred by the statute of limitations and the administrator had no right to make the payment. The court sustained the objection and ruled out the evidence, when plaintiff in error excepted.

The plaintiff in error offered in evidence the following notes and receipts, to-wit :

Voucher No. 22. "One day after date I promise to pay to James Gordan, or bearer, the sum of four hundred and twenty-three dollars and thirteen cents for value received. This 1st day of January, 1872.                    R. B. McBRIDE."

Credit. "Paid on within note one hundred and forty dollars. January 1st, 1876."

Receipt. "Received of T. A. McBride, administrator of R. B. McBride, deceased, two hundred and forty-six dollars, eighty-two and three-fifths cents on the original note of which the above is a copy, and said administrator is hereby acquitted of all personal liability to me on account of said demand against said estate. This March 9th, 1876.                    JAMES GORDAN."

Voucher No. 27.
                    "AUGUSTA, Ga., February 20th, 1873.
"$225.00. On the first day of January next I promise to pay Bothwell Brothers, or order, two hundred and twenty-five dollars for value received.                    R. B. McBRIDE."

                    "LOUISVILLE, GA., March 16th, 1876.
"Received of T. A. McBride, administrator of the estate of R. B. McBride, one hundred and eighteen dollars and six cents on the original note of which the above is a copy, and the said T. A. McBride is hereby acquitted personally and as administrator of all liability to me

on account of said demand against said estate, so far as any and all assets which are now, or may have heretofore, passed into his hands, reserving to ourselves, however, the right to recover the balance that may be due on said note, and the account that we hold against said estate, from any assets of said estate that may hereafter pass into his hands, or to which said estate may be entitled by reason of the reversionary interest in the widow's dower.

Thomas S. Bothwell,<br>
<em>Attorney for Bothwell Brothers.</em>"

Voucher No. 29.

"On or before the first day of November next, I promise to pay to F. A. Sinquefield & Co., or order, two hundred and fifty-six dollars and sixty-four cents, for value received. April 17th, 1874.

R. B. McBride."

"Received on within note, October 22d, 1874, twenty-six dollars."

"Received on the within note sixty-seven dollars and six cents. December 10th, 1874."

"Received of T. A. McBride, administrator of R. B. McBride, deceased, thirty-nine dollars and seventeen cents on the original note of which the above is a copy; and said administrator is hereby acquitted of all personal liability to me on account of said demand against said estate.   March 10th, 1876.          F. A. Sinquefield."

Voucher No. 30.

"One day after date I promise to pay to Sarah A. Mountain two hundred and eighty-eight dollars for value received. January 1st, 1861.                                        R. B. McBride."

Credit.   "Paid on within note one hundred dollars. February 15th, 1870."

"Received of T. A. McBride, administrator of R. B. McBride, deceased, one hundred and nineteen dollars and forty-seven cents on the original note of which the above is a copy; and said administrator is hereby acquitted of all personal liability to me on account of said demand against said estate.   March 10th, 1876.

S. A. Mountain."

The defendant in error objected to the admission of these notes in evidence to show outstanding notes against said estate, on the ground that said note creditors were estopped by their receipts to the administrator, so far as other *bonâ fide* creditors were concerned. The court sustained the objection and the plaintiff in error excepted.

The plaintiff in error offered the following vouchers for money paid by him on accounts not of preferred dignity, to-wit:

L. E. Wood & Co., No. 14,................$ 46 01
J. H. Wilkins, No. 15,..................... 206 94
W. H. Fay, No. 16,........................... 9 50
Hopkins & Little, No. 17,.................. 9 10
G. H. Harrell (exclusive of coffin), No. 19,... 20 35
Bothwell Brothers, No. 20................ 10 00

Defendant in error objected to the above vouchers (except as to $118.50 of No. 15, amount of cotton of negro man, as explained by administrator) on the ground that they were not legal vouchers as against his account, it being of equal dignity with them and entitled to *pro rate* with them in the payments on accounts. The court sustained the objection and plaintiff in error excepted.

The administrator qualified in the winter of 1874. His first and only return was filed in the ordinary's office November 13, 1877. This return was never approved by the ordinary, nor had the ordinary passed an order allowing the administrator his commissions. Therefore defendant in error objected to the items of commissions in the administrator's return going in evidence. The court sustained the objection and plaintiff in error excepted.

The administrator proved an outstanding note against the estate for about $30.00, in favor of J. A. Leaptrot, who had not given the administrator a release.

Plaintiff in error offered in evidence an unpaid account against the estate in favor of Bothwell Brothers for $140.00, and claimed it should be allowed to *pro rate* with account of defendant in error. The defendant in error objected on the ground that Bothwell Brothers were estopped by their release to the administrator in voucher No. 27. The court sustained the objection, and plaintiff in error excepted.

The total amount of money received by the administrator, as shown by his return, was $2,082.39; amount legally expended, $1,635.80; balance on hand for distribution, $446.59. Under the ruling of the court plaintiff in error consented to give a verdict for the amount of claim of defendant in error.

1. There was no error in ruling out the Roberts' note as

barred by the statute of limitations. The defendant's intestate was the surety thereon, and it was barred unless revived by the receipt from the principal thereon. This did not put new life in it as against the surety. Code, §§2157, 2938 ; 30 *Ga.*, 479 ; 32 *Ga.*, 28. Nor do we think that the administrator can at his option relieve a note from the bar of the statute under section 2542, when the note is only signed as security, so far as primary creditors may be affected thereby. It would be unjust to those creditors, if not strictly an unjust debt itself. Besides, it appears to have been barred in the lifetime of the intestate, unless the receipt from the principal kept it alive, which, under the sections of the Code and 30 and 32 *Ga.*, *supra*, that receipt could not do.

2. The court was right to rule as to the notes which the administrator had paid that they could not be preferred to the plaintiff's account sued on, because of the receipt given by these creditors whereby they had released the administrator from all liability on account of his illegal conduct in paying a note barred by the statute and on which the intestate was only surety, and open accounts in full, of equal dignity with plaintiff's claim and not preferred thereto, and inferior to their notes. So too in reference to accounts which were paid by the administrator in full, while the plaintiff's account was paid nothing.

3. The administrator was not entitled to commissions. The ordinary had not allowed him commissions and he had not made regular returns. Section 2596 of the Code settles the point. 60 *Ga.*, 316 is also directly in point. He made but one return and no commissions were allowed by any order of the ordinary.

4. The plaintiff in error does not show error. The burden is on him to do so. Besides he consented, it seems to the verdict, and has no right in strictness to a writ of error. His consent would conclude him, perhaps, if he had even reserved the right to except. See *Jones vs. Mobile & Girard Railroad*, last term.

Judgment affirmed.