STATE, HENRY G. WAGONER, PROSECUTOR, v. CATHARINE WATTS.

1. The act of 1879, (*Pamph. L.*, p. 115,) increasing jurisdiction of justices of the peace, is constitutional.
2. Even though the covenant of a married woman be held void for coverture, the covenant of her surety is enforceable.
3. Where it is essential to the validity of a writing that it be executed under seal, authority to an agent to execute it must be likewise under seal. But where a seal is not vital to the contract, and the agent has power to execute it without seal, it operates as a simple contract, although executed under seal.
4. The written lease in this case is in effect an agreement not under seal, on which the surety has written an agreement under seal that he will pay the rent in default of payment by the lessee. This suit against the surety for the rent was brought after the lapse of more than six years from the due-day of the rent. *Held*, that although the principal debtor might have pleaded in bar *actio non accrevit infra sex annos*, on his contract not under seal, the action against the surety on his contract under seal will not be barred until the lapse of sixteen years.

On *certiorari*.

Argued at November Term, 1881, before Justices DEPUE, VAN SYCKEL and PARKER.

For the plaintiff, *John Schomp*.

For the defendant, *R. V. Lindaberry*.

The opinion of the court was delivered by

VAN SYCKEL, J.   Catharine Watts, by a lease under seal, dated March 8th, 1870, demised to Mrs. Amerman, for the term of one year from the 1st day of April next, for a certain rent therein specified, a house and lot in the county of Somerset.   The lease was executed by one O. Bush, as agent of Catharine Watts, and by Mrs. Amerman.

By an agreement under seal, endorsed on said lease, the prosecutor covenanted that if default was made by the tenant in the payment of the rent, he would pay the same to the lessor.

The lessee occupied the premises for the stated term, and having failed to pay the rent, an action of covenant was instituted before a justice of the peace in 1881, by said Catharine Watts against said Wagoner to recover the rent in arrears.

Judgment was rendered in favor of the plaintiff for the sum of $164.95, which judgment, on appeal to the Somerset Pleas, was there affirmed. The proceedings below have been certified into this court for review.

The first objection taken by the prosecutor challenges the validity of the act of 1879, (*Pamph. L.*, *p.* 115,) increasing the jurisdiction of justices of the peace.

This question is *res adjudicata* in this court. *Wright* v. *Moran*, 14 *Vroom* 49 ; *Colwell* v. *Chamberlin*, *Id.* 387.

The next point relied upon is an alleged infirmity in the execution of the lease, which, it is contended, cannot be made the basis of an action for two reasons :

*First.* Because the husband of Mrs. Amerman did not join with her in its execution.

*Second.* Because the authority given by Catharine Watts to her agent to execute it on her behalf was by parol.

It is well settled that even though the covenant of Mrs. Amerman is void for coverture, the covenant of the surety is enforceable.

This point was expressly adjudged by Chief Justice Nelson, in *Kimball* v. *Newell*, 7 *Hill* 116, and shown to have the support of the English cases. See, also, *Remsen* v. *Graves*, 41 *N. Y.* 471.

The fact that the contract in this case was sealed by the agent does not vitiate it.

"There is no doubt about the general rule that a power to execute an instrument under seal must be conferred by an instrument of equal solemnity. If the writing given by the agent be under seal, and that be essential to its validity, the

authority of the agent must be of equal dignity or it cannot operate." *Long* v. *Hartwell*, 5 *Vroom* 116.

But where a seal is not vital to the contract, and the power to execute it without seal is ample, it becomes so far the act of the principal, and enures as a simple contract. *Id.*

The premises were as effectually let without as with a seal to the agreement. The lessor recognized the authority of the agent, and ratified his act by permitting the lessee to enter and occupy the premises for the stipulated term.

The engagement being fully executed on the one part, it is not competent for the other to disavow his liability to render the consideration. The covenant of suretyship was executed by Wagoner in due form upon sufficient consideration, and is binding upon him. Treating the lease as an agreement not under seal, in an action by the lessor against the lessee for rent, after the lapse of six years from the due-day of the rent, the statute of limitations might be pleaded in bar. This suit was commenced against the surety more than six years after the rent was payable, and, therefore, the question is presented whether he can avail himself of the defence that the statute of limitations would be a bar in a suit against the principal debtor.

The surety may have the benefit of any defence which the principal debtor may set up, showing that the contract never was legal or that it has been annulled. To that extent the rule prevails that the extinction of the liability of the principal debtor discharges the liability of the surety; the accessory obligation falls with the principal. As a general rule, the liability of principal and surety is co-extensive. There are exceptions, as in case of coverture and infancy, in which the contract cannot be enforced against the principal. But when the principal is discharged from his obligation by payment, accord and satisfaction or release, recourse cannot be had to the surety. In all these instances in which both principal and surety are exonerated, the defence either shows in fact, or, in contemplation of law, implies an actual satisfaction of the obligation which the former has assumed. In this case

the debt is not discharged or satisfied by the lapse of the limi-
tation time; the remedy only to enforce it against the princi-
pal debtor is taken away. In *Spears* v. *Hartly*, 3 *Esp*. 81,
Lord Eldon said that the debt is not discharged by the opera-
tion of the statute of limitations; it was the remedy only,
and that the creditor could hold goods on which he had ob-
tained a lien for his claim, although the statute had run
against it. To the same effect are *Morse* v. *Williams*, 3 *Camp*.
418, and *Higgins* v. *Scott*, 2 *B. & Ad*. 413.

To this debt unpaid the contract of the surety clings as a
firm support in the law, like the obligation of an infant or
*feme covert*, although the undertaking is voidable by the party
to whose benefit it enures.

Upon this ground it is that a mortgage may be foreclosed
and the land sold, although the note thereby secured is barred
by the statute; nothing less than payment of the debt will
satisfy the condition. *Thayer* v. *Mann*, 19 *Pick*. 535 ; *Balch*
v. *Onion*, 4 *Cush*. 559 ; *Wiswell* v. *Baxter*, 20 *Wis*. 680 ;
*Borst* v. *Corey*, 15 *N. Y*. 505 ; *Reed* v. *Shepley*, 6 *Vt*. 602.

In this case Wagoner, the surety, is bound by a contract
under seal, which will not be barred by limitation until the
lapse of sixteen years. He has engaged to pay on default of
payment by the lessee, and his contract will be performed only
by the payment of the debt. He cannot plead the statute
himself, neither could he compel the principal debtor to plead
it, nor prevent him from making a new promise to pay.

The right to the plea of *actio non accrevit infra sex annos*
is personal to the principal debtor, and he may refuse to
plead it.

The liability of the principal and surety is not necessarily
concurrent; that of the former may subsist after the latter is
discharged, and *vice versa*.

In *Gardiner* v. *Nutting*, 5 *Me*. 140, and *Dean* v. *Munroe*,
32 *Ga*. 28, it is held that the promise by the maker of a note
takes it out of the statute of limitations only so far as he is
concerned, but does not affect the liability of the endorser.

So I apprehend there is nothing in the law which disables

an endorser from making a valid engagement by which the time is enlarged during which he may be held, but he cannot thereby deprive the maker of his right to the statutory plea. If the relator's undertaking had not been under seal, there can be no doubt that by a new promise he could have made himself liable after the lapse of six years. The form in which he originally contracted must be as effective as a new promise subsequently made, for, in substance, he has engaged that for sixteen years he shall be liable to pay if default in payment is made by the lessee.   It is not perceived that any infirmity inheres in such a promise which can be seized upon as a legal defence against its enforcement.   Nor is the surety's liability tested by determining whether he can recover indemnity from his principal.  When the contract is valid in its inception, the principal debtor may be discharged by operation of law, without discharging the surety, where the creditor does not by his act contribute to the release.

As an instance, it is well adjudged that a discharge of the principal in bankruptcy does not discharge the surety.  *Guild* v. *Butler*, 122 *Mass.* 498; *Ellis* v. *Wilmot*, L. R., 10 *Ex.* 10.

The creditor in this case is chargeable with nothing except mere gratuitous forbearance to sue, which does not exonerate the surety either at law or in equity.

The latter might, at any time after default by the lessee, have paid the rent, and thereby established in himself a right of action.   If he fails now in his attempt to have recourse to the principal debtor, his loss will be attributable to his own neglect to perform his covenant.

The rule undoubtedly is that the statute, as between the principal and surety, begins to run against the latter from the time he pays the debt.   But if the surety, after the statute has run as to both the principal and himself, pays the debt without the consent of the former, he cannot recover indemnity.   In this case there is a factor which may change the rule applicable to the relation of the parties to each other.

If the presumption of the law be that the surety sealed his agreement at the instance of the principal, the latter may

be estopped from setting up against the former the limitation defence if he pays the debt at any time within sixteen years.
. . The judgment below should be affirmed, with costs.