Damariscotta Toll-Bridge *v.* Cotter.

PROPRIETORS OF DAMARISCOTTA TOLL-BRIDGE *versus* COTTER.

A Legislative charter, which authorized the erection of a toll-bridge, required it to be at least 24 feet wide, with sufficient rails on each side. It was constructed 24 feet wide between the rails, but with a central frame-work. The thickness of this frame-work, if deducted from the said width of the bridge, left the traveling pathway less than 24 feet. *Held,* that that reduction in the width of the pathway did not impair the right to receive toll.

THIS was an action to recover a penalty for forcibly passing the plaintiffs' bridge without permission, and without paying toll.

The plaintiffs were incorporated with power to erect a bridge and receive toll. A penalty was given for passing it forcibly without paying toll. The charter provides that the bridge "shall be at least twenty-four feet wide, with sufficient rails on each side for the safety of passengers, and be provided with a suitable draw, or opening through the same, for vessels to pass."

The bridge was built, in most or all of its parts, twenty-four feet wide between the rails. But, for greater strength, a frame-work was inwrought into the bridge, running along its centre, except at and near the draw. This frame-work, by occupying a narrow central strip of the flooring, made the traveling pathway a little less than twenty-four feet in width.

Among other defences, it was contended that the bridge, by reason of said reduction in its width, was not in compliance with the charter, and that therefore no toll was due and no penalty was incurred.

The jury were instructed, *that* "the bridge must have been built substantially, twenty-four feet wide, inside the railing; and *that* after deducting the thickness of the central frame-work from the width of the bridge, there must remain twenty-four feet, so that the public could have substantially twenty-four feet clear, unobstructed, and open for travel."

The verdict was for the defendant. The plaintiffs excepted.

*Ruggles,* for plaintiffs.

The principle involved in this case is important. If this

court confirms the ruling excepted to, the right to take toll for passage upon the bridges in this State, is utterly destroyed. The central frame-work was placed there only for the public safety. The counsel was proceeding to comment upon the charter, when the court stopped him, and expressed a wish to hear the counsel upon the other side.

*M. H. Smith*, for defendant.

The instruction to the jury, as to the effect of the central frame-work, was correct. It was a sound construction of the act of incorporation, (passed 1797,) which states, " that the said bridge shall be well built, of good and suitable materials, that it shall be at *least* twenty-four feet wide, with sufficient rails on each side for the safety of passengers, and be provided with a suitable draw or opening through the same for vessels to pass. In 22 Pick. 573, it is said, " it is a sound rule of construction, that every clause and word of a statute shall be presumed to have been intended to have some force and effect." The statute requires the bridge to be *at least* twenty-four feet wide, showing the intention of the Legislature to require a strict conformity with this condition.

This was a matter for the benefit of the public, and not for the benefit of the bridge proprietors, and should be construed, so as most to conduce to the advantage of the public.

If the frame-work in the middle of the bridge was a necessary part of the bridge, (as defendant by no means admits, it being a notorious fact, that similar bridges may be, and often are built without any such middle frame-work,) this necessity does not involve any need of having the bridge less than twenty-four feet wide in the clear, after deducting the frame-work. The act of incorporation clearly *intended*, that the bridge should be *at least* twenty-four feet wide, in available width, upon which the public could travel, and the plaintiffs might as well have taken up a part of the traveled way, with the railing and bracing thereto, and also with the frame-work on each side, as with the middle frame-work.

The instruction of the Judge, as to deducting the thickness of the middle frame-work from the width of the bridge, was

immaterial, as the case shows that the bridge was not twenty-four feet wide, at a place where there was no such frame-work : — viz. between the middle frame-work and the draw. This frame-work did not extend to the draw.

The plaintiffs were not entitled, in absence of proof to the contrary, to claim a presumption, from lapse of time, that the bridge was originally built twenty-four feet wide. Plaintiffs introduced proof as to the present width of the bridge, and introduced no proof as to what was its width, when built ; and in the absence of all other proof, the most favorable ruling that the plaintiffs could ask for, was, that the jury might infer from the present width, what was its original width ; and this was substantially the ruling ; which ruling was correct, even upon the position taken by plaintiffs, that if the bridge was originally built twenty-four feet wide, it was immaterial whether or not, it was continued of that width, or made narrower since. But a reasonable construction of the language " it shall *be* at least twenty-four feet wide," would require the plaintiffs, not only to erect, but to maintain the bridge, at least of that width. The Judge did not require this proof of the plaintiffs, the instruction to the jury was, that the original structure must have been twenty-four feet wide ; there was no instruction, that plaintiffs must prove, that it was maintained of that width, or that it was thus wide, when defendant passed without paying toll, or when the action was commenced.

This being a penal action, the statute upon which it is founded, will be construed strictly.

SHEPLEY, C. J., orally. — We are all of opinion, that the instructions, as to the effect of the central frame-work, were erroneous. *Exceptions sustained.*