RACHAEL STULTS, PLAINTIFF IN ERROR, v. THE EAST BRUNSWICK AND NEW BRUNSWICK TURNPIKE COMPANY, DEFENDANTS IN ERROR.

To an action by a turnpike company for the recovery of tolls, it is not permissible to set up as a defence that the company has not complied with the requirements of their charter in making the road, nor that the road was not in a proper state when the defendant passed over it. The company is answerable for such delinquencies to the public at large in a public prosecution, and not to the defendant or any other individual.

On error to the Middlesex Circuit Court.

For the plaintiff in error, *Alan H. Strong.*

For the defendant in error, *A. V. Schenck.*

The opinion of the court was delivered by

THE CHANCELLOR. This suit was brought to recover tolls alleged to be due from Mrs. Stults to the company for travel by her over its road. The action is in *assumpsit,* and is based upon a contract to pay $65 a year, in monthly payments, in commutation of tolls. There are also common counts, including counts for tolls, in the declaration. Mrs. Stults pleaded the general issue, and pleaded also, specially, that the company had not complied with the requirements of their charter, in that it had not constructed the road according to the provisions of that instrument, and had not kept it in good repair, &c.

One of the assignments of error is in reference to the exclusion of evidence of a conversation which, it is alleged, took place between Mr. Stults and J. Biddle Herbert, a director of the company, prior to the making of the contract. It does not appear by the record what the subject of the conversation was which it was thus proposed to put in evidence. The same may be said in respect to the objection to the refusal to admit testimony as to what certain persons—one the engineer of the company, another the superintendent, and the third a toll-gate keeper—said when the witness complained to them of the condition of the road. It may be added that it does not appear that the statements of those persons upon the subject, whatever they might have been, were made under such circumstances as to be binding upon the company.

The charge of the judge upon the subject of the company's compliance with the requirements of its charter as to the construction of the road is also made the subject of objection. It was correct.

The cause was tried upon the issues, but, it should be said, the defences set up by the special pleas were not allowable.

Those matters constituted no defence to the action. To an action by a turnpike company for the recovery of tolls, it is not permissible to set up as a defence that the company have not complied with the requirements of their charter in making the road, nor that the road was not in a proper state when the defendant passed over it. The company is answerable for such delinquencies to the public at large in a public prosecution, and not to the defendant, or any other individual. *Vinkestone* v. *Ebden*, 1 *Salk.* 249 ; *Adams* v. *Beach*, 6 *Hill* 271 ; *Centre Turnpike Co.* v. *Smith*, 12 *Vt.* 212 ; *Strong* v. *Dunlap*, 10 *Humph.* 423 ; *Proprietors of Quincy Canal* v. *Newcomb*, 7 *Metc.* 276. In *Vinkestone* v. *Ebden*, *ubi sup.*, where the question was as to the liability to pay port duties, it was held that to entitle the town to recover the duties, it was not necessary that it should show that it actually did keep the port in repair ; for the consideration of the liability to pay the duties was not the keeping of the port in repair, but the fact that the town was bound to do so. In *Proprietors, &c.*, v. *Newcomb*, *ubi sup.*, which was a suit for tolls for using a canal, the court said : " The canal is a public highway, and every individual has a right to use the canal on paying the toll. Levying a toll on a public highway, whether by land or water, is a claim of franchise, and whoever makes such claim without authority is liable to an information in the nature of a *quo warranto*. So if the canal is not made according to the provisions of the act of incorporation, it is the failure to perform a public duty for which indictment or information will lie. If the canal was opened, and the toll claimed, and the public did not interfere, and the defendant used the canal, he thereby subjected himself to the payment of the toll. By demanding the toll the plaintiffs claim to have complied with the conditions and provisions of their act of incorporation, and the defendant, by using their canal, is estopped to deny their right to the payment of the toll, although they might be proceeded against by *quo warranto* for the repeal and dissolution of their charter, or by indictment for a misdemeanor in not keeping the canal in re-

pair." See, also, *Nicholson* v. *Williamstown, &c., Turnpike Co.*, 4 *Dutcher* 142. The charter of the company authorized it to erect toll-gates and take tolls, so soon as one mile of the road had been completed; and it provides a prompt, ready, and efficient remedy in case the road should not be kept in proper repair. That remedy is by complaint to a judge of the Court of Common Pleas, who is to appoint three disinterested freeholders, to view the road and report whether it is in such a condition as required by law; and if their report be that it is not in such condition, the judge is to order that the gates be kept open until further order.

The judgment of the Circuit Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, KNAPP, MAGIE, PARKER, REED, VAN SYCKEL, BROWN, CLEMENT, COLE, McGREGOR, WHITAKER. 14.

*For reversal*—None.