# THE CANAL STREET GRAVEL-ROAD COMPANY v. NICHOLAS PAAS.

*Corporations—Evidence of corporate existence—Gravel-road companies—Constitutional law—Collection of penalty—Pleading—Amendment.*

1. In an action by a gravel-road company to collect the penalty imposed by How. Stat. § 3642, for forcibly passing a toll-gate without paying toll, the defendant is not in a position to question the validity of the corporate existence of the plaintiff; citing *Plank-Road Co. v. Hilton,* 69 Mich. 115.

2. How. Stat. § 8428, which provides that in all cases not otherwise specially provided for by law, where a pecuniary penalty is incurred, and the act for which it is imposed is not also a misdemeanor, the penalty may be recovered in an action of debt or *assumpsit*, authorizes a suit in *assumpsit* by a gravel-road company to recover the penalty imposed by How. Stat. § 8642, for forcibly passing a toll-gate without paying toll.

3. It is no defense to such an action that the road was not in good condition, and evidence of such fact is properly excluded.

4. An amendment to an oral declaration in a suit commenced in justice's court to recover said penalty, setting out the time when and the circumstances under which it was incurred, is properly allowed in the circuit court.

5. Where a statute makes a copy of the articles of association of a corporation, and of an affidavit required to be attached, evidence when certified to be true copies of the original papers, the fact that the certifying officer calls the affidavit a "certificate" in his certification will not authorize the court to reject the papers as evidence, it appearing that the paper referred to as a "certificate" is in fact the required statutory affidavit.

6. Where, in a suit by a corporation, the defendant pleads *nul tiel corporation*, plaintiff's corporate existence is . *prima facie* established by proof that it is doing business under a corporate name.

7. Act No. 47, Laws of 1867, entitling any company organized under the plank-road act of 1851, which had constructed or should thereafter construct its road of gravel, or of stone so broken as to serve the purpose of gravel, instead of plank, as provided in the original act, to all of the rights granted thereby, is not unconstitutional because embracing objects outside of the title to the original act.

8. Such a company stands as a plank-road company, and is within the exception to section 10, art. 15, of the Constitution, which relieves municipal corporations, railroad, plank-road, and canal companies, from the 30-year limitation upon corporate existence imposed upon other corporations.

Error to Kent. (Grove, J.) Argued February 15, 1893. Decided April 21, 1893.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*F. L. Carpenter*, for appellant.

*More & Wilson,* for plaintiff.

[The points of counsel are fully stated in the opinion.]

LONG, J.    This action was commenced in justice's court to recover a penalty under the provisions of section 3642, How. Stat.    Plaintiff had judgment, and defendant appealed to the circuit court for Kent county, where the cause was tried before a jury, and verdict and judgment given in favor of the plaintiff.

The declaration in justice's court was oral, on the common counts in *assumpsit,* and specially for the penalty mentioned in the statute above cited.    Upon the trial in the circuit, defendant objected to any evidence under the declaration.    Plaintiff, on motion, was permitted to amend its declaration.    The amended declaration sets out the time when the defendant became indebted for the penalty, and the circumstances under which he forcibly and fraudulently passed the gate.    The defendant assigns error upon the ruling of the court in permitting the amendment.

The amendment was properly allowed.    It is a more full statement of plaintiff's cause of action than contained in the oral declaration in justice's court.    It fixes the time and place with certainty, and fully apprises the defendant of plaintiff's claim.    Declarations in justice's court are treated with great liberality, and the amended declaration filed did not in any sense change the form or cause of action.    It placed the defendant in a better position for trial than the original declaration would have done.    He has no cause to complain of the action of the court.

The defendant filed a plea to the amended declaration, giving notice that he would insist in his defense that the plaintiff was not a corporation.    On the trial the plaintiff introduced evidence tending to show that it was a corpo-

ration owning and controlling a gravel road, one terminus of which was the city of Grand Rapids, and extending into the country therefrom about 8¼ miles, on which road were maintained toll-gates; that on April 3, 1891, the defendant approached one of the gates, which was shut against him upon his refusal to pay the legal toll demanded. He drove up to the gate, occupying the middle of the road with his team and wagon, so that no other teams could pass, and waited until a number of persons, with their teams, collected behind him, so that the gate-keeper was compelled to raise the gate to permit such teams to pass through, when the defendant passed without paying the toll.

The plaintiff, to prove its due incorporation, offered in evidence a certified copy of its articles of association, from the office of the Secretary of State. The introduction of this copy was objected to on the ground that the certificate of the Secretary of State was not in proper form, under the statute. How. Stat. § 3600, provides:

"A copy of any articles of association filed in pursuance of this chapter, with a copy of the affidavit aforesaid indorsed thereon or annexed thereto, and certified by the Secretary of State to be a true copy, and of the whole of such articles of association, and of the affidavit indorsed thereon or annexed thereto, shall be, in all courts and places, presumptive evidence of the incorporation of such company, and of the facts therein stated."

The only defect complained of in the certificate is that the Secretary of State called the affidavit to which the statute refers a "certificate." It appeared that the paper annexed or attached to the articles was in fact an affidavit such as the statute requires, and the Secretary of State certifies that it is a true copy of the original. It clearly appears that the statute was followed, and the mere fact of calling the affidavit a "certificate," in the certificate made by the Secretary of State, would not have authorized

the court to reject it as evidence. The statute was substantially complied with. The case differs from *Doyle v. Mizner*, 42 Mich. 332. In that case the Secretary certified, merely, that the certificate of acknowledgment to the articles of association was in the usual form, without giving a copy of it. It was held that the certificate was not sufficient to entitle the papers to be used as evidence in court. Here all the papers were attached, and duly certified, and with sufficient certainty to comply with the requirements of the statute.

But indedendently of the evidence of due incorporation, which the certified copy of the articles of association afforded, the plaintiff introduced evidence tending to show that the corporation was doing business under the name assumed by it, and had been for over seven years; that, at the time of the forcible passage of the gate by the defendant, it had gates erected, and was in possession of said road, and collecting tolls, and had been for many years. How. Stat. § 8140, provides that, in suits brought by domestic corporations, no proof of incorporation shall be necessary, unless the defendant shall plead *nul tiel corporation;* and by section 7528 it is further provided that, in any suit wherein it shall become material or necessary to prove the incorporation of any corporation, evidence that such corporation is doing business under a certain name shall be *prima facie* evidence of its due incorporation or existence pursuant to law, and of its name. This latter section was passed in 1871. The defendant introduced no evidence tending to show that the plaintiff corporation was not legally organized, and lawfully doing business within this State; but his contention is that the plaintiff failed to make the proper proof, as a part of its case, that it was duly incorporated. To sustain this, counsel relies upon *Farmers' and Mechanics' Bank v. Troy City Bank*, 1 Doug. 457; *Owen v. Bank*, 2 Id. 134, note; *Smith v.*

*Village of Adrian,* 1 Mich. 495; *Thatcher v. Bank,* 19 Id. 196.     It is sufficient to say of three of these cases that they were decided long prior to the enactment of section 7528, How. Stat., which now permits proof of incorporation to be made in the manner there pointed out.     The case of *Thatcher v. Bank, supra,* has no application to the question here raised.     Notwithstanding the plea of *nul tiel corporation,* the plaintiff had a right, under section 7528, to make its *prima facie* case by showing that the corporation was doing business as such; and it conclusively established the fact of due incorporation, unless the defendant should introduce some evidence to contradict it.     This the defendant failed to do, so that the proof made by the certificate of the Secretary of State, and the fact of plaintiff's doing business under that name, conclusively proved its corporate existence.

It is contended, however, that the plaintiff failed to prove its corporate existence, for the reason that the act under which it claims to have been incorporated is void, under the provisions of article 4, § 20, of the Constitution of this State, which provides that "no law shall embrace more than one object, which shall be expressed in its title."

The plaintiff was organized June 27, 1883, under an act to provide for the formation of companies to construct plank roads, approved April 8, 1851, and the acts amendatory thereof.     The act of 1851 is entitled "An act to provide for the formation of companies to construct plank roads."     Act No. 155, Laws of 1851, approved April 8, 1851.     The object of the act was to secure good roads; and it was provided that at least 16 feet in width of good, smooth and permanent road-bed should be constructed, but only required 8 feet in width to be planked.     The Legislature in 1867, by Act No. 47, amended this act.

The title of the amendatory act is "An act to amend an act entitled 'an Act to provide for the formation of companies to construct plank roads,' approved April 8, 1851." It added a new section, to stand as section 52 of the original act, and provided that—

"All companies that have been or may hereafter be organized under the provisions of this act, and shall have built any portion of their road, or may hereafter build any portion of the same, of gravel, or of stone so broken as to serve the purpose of gravel, shall be entitled to all the privileges, immunities, and franchises conferred upon companies organized under said act, the same as though said road had been constructed of plank, as required in section twenty-eight of this act: *Provided*, that said gravel or stone portions of said road shall in all cases be not less than nine feet in width, and the gravel or stone of which the same shall be constructed shall not be less than seven inches in depth, and shall in all cases be of sufficient depth to make, at all seasons, a good, firm, and hard road: *And provided further*, that said companies shall be subject to all the provisions and penalties in regard to keeping said road in repair as are provided in said act in relation to plank roads."

It is said that this amendatory section embraces objects outside of the title of the original act; that the original act was for the construction of plank roads; and therefore the provision of section 52, as added by the amendment of 1867, is not germane to the object expressed in the title of the original act.

It is undoubtedly true that if an act is amended so as to embrace a purpose outside of the title, and inconsistent with the provisions remaining unrepealed, it will be void under the provisions of section 20, art. 4, of the Constitution, under the rule laid down in *Stewart v. Society*, 41 Mich. 67. But the present case is not open to that objection. The purpose of the act was to provide for the building of substantial roads at a time in the history of the

State when they were greatly needed, and at a time when plank was the cheapest means to be employed. It was subsequently demonstrated that gravel or broken stone might be used with equal success in making good, smooth roads; and the Legislature, by the act of 1867, permitted this to be substituted in place of plank, by an additional section to the act of 1851.

It was held in *Jones v. Commissioner of State Land Office,* 21 Mich. 236, that it was not essential to the validity of an amendment of a statute that the section as it previously stood should be set forth in full, as well as the section as amended. Here no section of the original act was amended. It provided simply for an additional section, which was set out in full in the amendatory act.

It was held in *Board of Supervisors v. Auditor General,* 65 Mich. 408, that an amendment of an existing law, which could have been inserted without repugnance in the original act, is not such a departure as to avoid the statute. If the Legislature could have provided by the act of 1851 that, in building these roads, stone or gravel might be substituted for plank, then the amendment of 1867 is not void, as claimed, under the rule laid down in *Board of Supervisors v. Auditor General, supra.* It is too plain for argument that the Legislature might have provided for this manner of construction under the act of 1851.

It is said in Cooley's Constitutional Limitations, p. 144, that the generality of a title is no objection to it, so long as it is not made a cover to legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection. This same rule of construction of this clause of the Constitution has been laid down in *People v. Mahaney,* 13 Mich. 495; *Stockle v. Silsbee,* 41 Id. 615; *Attorney General v. Weimer,* 59 Id. 580; *Kurtz v. People,* 33 Id. 279; *People v. Phippin,*

70 Id. 6; *Hargrave v. Weber*, 66 Id. 59; *Hall v. Judge*, 88 Id. 438; *Ripley v. Evans*, 87 Id. 217.

The difficulty, however, that the defendant labors under in this attempted defense, is that he is not in a position to question the validity of the corporate existence of the plaintiff. The action is for the enforcement of a statutory penalty for forcibly and illegally passing the gate; and the contest does not involve either the existence of the plaintiff as a corporation or the exercise of a corporate franchise. *Pontiac & Lapeer Plank-Road Co. v. Hilton*, 69 Mich. 115. I have, however, discussed the question upon the merits, for the reason that it should at once be settled in this State. There are many of the old plank-road companies operating under the amendatory act of 1867, having transformed their plank roads into gravel and stone roads, and the question should not be left an open one.

Objection is also made that the corporation has an existence only of 30 years, under section 10, article 15, of the Constitution. This section provides that no corporation, except for municipal purposes, or for the construction of railroads, plank roads, and canals, shall be created for a longer period than 30 years. This corporation was organized in 1883 for the term of 50 years from the date of the articles. We have construed the amendment as forming a part of the original act of 1851, and the plaintiff corporation as coming within its provisions. It follows that it stands a plank-road company, though the road be built of stone and gravel, with all the rights and privileges of a plank-road company, and consequently within the exception mentioned in the section of the Constitution above cited.

Defendant offered testimony tending to show that the road was not in good condition at the time the toll was demanded. This evidence was excluded, and properly so. The statute provides that when a company shall have com-

pleted its road, or any five consecutive miles thereof, the said company may erect gates, and demand and receive toll. At the time suit was brought, 8¼ miles of road had been constructed, and gates erected. This was the condition precedent to taking tolls. If the road was not in the condition required by the statute, the act provides a remedy to persons injured thereby, and a penalty against the company, by sections 3640, 3649, How. Stat. The franchises of a corporation cannot be declared forfeited in such a proceeding. *People v. Plank-Road Co.*, 9 Mich. 285; *City of Detroit v. Plank-Road Co.*, 43 Id. 140; Beach, Priv. Corp. § 50, and cases cited.

The question was squarely raised in *Stults v. Turnpike Co.*, 48 N. J. Law, 596. It was there said:

"Those matters constituted no defense to the action. To an action by a turnpike company for the recovery of tolls, it is not permissible to set up as a defense that the company have not complied with the requirements of their charter in making the road, nor that the road was not in a proper state when the defendant passed over it."

It is next contended that there is no law authorizing the plaintiff to sue in its own name in an action of *assumpsit* for a penalty. Section 47 of the act of 1851, *supra*, expressly provides that such penalties may be "sued for and recovered by such company." Suits for penalties under this statute have always been brought in the name of the corporation, and the right, so far as can be ascertained, has never been questioned. The suit may be in *assumpsit* under section 8428, How. Stat.

Some other questions are raised, which need not be discussed. We have examined the claims made by appellant's counsel with reference to them, and they must be overruled.

Judgment is affirmed, with costs.

HOOKER, C. J., McGRATH and GRANT, JJ., concurred. MONTGOMERY, J., took no part in the decision.