COLUMBIA & CEDAR CREEK TURNPIKE COM-PANY, Respondents, v. IRVIN C. VIVION, Appellant.

Kansas City Court of Appeals, November 9, 1903.

1. **TURNPIKES: Tolls: Condition of Road: Instruction.** An instruction set out in the opinion, relating to the duties of the plaintiff company in keeping its turnpike in repair, is approved; and it is held, on the uncontradicted evidence, the finding should have been for the defendant since the condition of its road was such as to forfeit its right to collect tolls.

2. ———: ———: ———: **Extension of City Limits.** The extension of the city limits of Columbia over a portion of plaintiff's turnpike did not have the effect to deprive the roadway of its character, nor the plaintiff of its right of property therein, and did not devolve on the city the duty to keep such roadway in repair.

3. ——— : ——— : **Statute.** The Missouri statute expressly de-
clares that the failure to keep a turnpike in repair prevents the
exaction of any toll, and cases from other states holding a con-
trary doctrine are inapplicable.

4. ——— : ——— : **Charter.** A turnpike company failing to keep
its road in repair not only disables itself to collect tolls, but
subjects itself to a forfeiture of its charter.

Appeal from Boone Circuit Court.—*Hon. John A.
Hockaday,* Judge.

REVERSED.

*C. B. Sebastian* and *W. M. Williams* for appellant.

(1) The finding of the court is not supported by
the evidence and is in direct conflict with the declara-
tion of law given in behalf of the defendant. It stands
established by the solemn admission of the plaintiff in
open court that it did not keep its road in good repair
from Ripley street eastward to the corporate limits of
the city of Columbia. Under the declaration of law and
the plaintiff's admission, the finding should have been
for the defendant. (2) The mere fact that a turnpike
is within the limits of a city does not deprive it of its
character nor its owners of their property. ''Usually
toll-roads, owned by private corporations, can not be
considered as streets.'' Elliott on Roads and Streets
(2 Ed.), sec. 21; Wilson v. Alleghany City, 79 Pa. St.
272; Elliott on Roads and Streets (2 Ed.), sec. 72; 27
Ency. of Law (1 Ed.), p. 342. (3) It was plaintiff's
duty to keep its entire road in good repair. It was not
merely to repair it in places. The failure to do so pre-
cludes a recovery. 1 R. S. 1899, sec. 1234-5; Aurora
& L. Turnpike Co. v. Niebrugge (Ind.), 58 N. E. 864;
Elliott on Roads & Streets (2 Ed.), 97-105. (4) The
finding of the court is against the evidence. The testi-
mony shows that even outside of the city of Columbia
the road has not been kept in proper repair for the time

for which toll is demanded. (5) Where there is no conflict in the testimony, the legal effect of the uncontradicted evidence is open to inquiry in the appellate court, and defendant asks that the judgment be reversed. State ex rel. v. Elliott, 157 Mo. 609; Vogelsanger v. Russell, 92 Mo. App. 682; Kingsbury v. Joseph, 94 Mo. App. 1. c. 304.

*N. T. Gentry* for respondent.

(1) It has frequently been decided that the fact that a turnpike road is in bad condition is no defense in an action to collect toll. While that point has not been passed on by any of our Missouri courts, so far as known, still other and highly respectable authorities hold that such is the law. Stults v. Brunswick Turnpike Co., 48 N. J. L. 596; s. c., 5 Atl. Rep., 193; Gravel Road Co. v. Paas, 95 Mich. 372; s. c., 54 N. W. Rep. 907; Quincy Canal Co. v. Newcomb, 7 Met. (Mass.) 276; Center Turnpike Co. v. Smith, 12 Vt. 212; Adams v. Beach, 6 Hill (N. Y.) 273; Strong v. Dunlap & Sanderlin, 10 Hump. (Tenn.) 423. (2) But even it if should be held that the respondent ever did own this Fyfer hill, the evidence shows conclusively that it has been abandoned by it, and that it has been graded, graveled and paved by the city of Columbia and used continuously by the citizens of that municipality, free of the payment of toll for more than twenty-five years. The toll-gate, erected by respondent, is a short distance east of Moss street, and the undisputed evidence is to the effect that no toll has been charged over the Fyfer hill since the officers learned that it belonged to the city, some twelve or fifteen years before the trial of this case. No formal acceptance by the corporate officials, however, is necessary. And such acceptance is sufficiently indicated in many cases by showing that the way, as dedicated, was thereafter opened, accepted and continuously used by the public as a common public thorough-

fare. Meiners v. St. Louis, 130 Mo. 284; Maus v. Springfield, 101 Mo. 613; Boyd v. Springfield, 62 Mo. App. 456; Garnett v. Slater, 56 Mo. App. 211; Schenck v. Butler, 50 Mo. App. 106; Golden v. Clinton, 54 Mo. App. 109; 2 Dillon on Munic. Corp. (3 Ed.), sec. 631, 636, 637, 642; Pingrey on Real Prop., sec. 171; 3 Kerr on Real Prop., sec. 2201; Tiedeman on Real Prop., sec. 611; Elliott on Roads and Streets, p. 160; Angell on Highways, sec. 142; Smith on Munic. Corp., sec. 1281; Wright v. Tukey, 3 Cush. (Mass.) 290; Kossman v. St. Louis, 153 Mo. 299; Burnes v. St. Joseph, 91 Mo. App. 495; Longworth v. Sedevic, 165 Mo. 230; Milling Co. v. Riley, 133 Mo. 585; Buschmann v. St. Louis, 121 Mo. 536; Pierce v. Lutesville, 25 Mo. App. 321; Thompson on Negl., 731; Elliott on Roads and Streets, p. 61; Price v. Breckenridge, 92 Mo. 385; Walker v. Point Pleasant, 49 Mo. App. 249; State v. Passaic, 42 N. J. L. 524; Smith on Munic. Corp., sec. 1288. (3) But evidently that court did not believe fancy statements. Where the evidence is conflicting, the finding of the trial court on that subject is binding on the appellate court. Rogers v. Hopper, 94 Mo. App. 437; Colyer v. Railway, 93 Mo. App. 147; Love v. Ins. Co., 92 Mo. App. 192; Crossan v. Crossan, 169 Mo. 631; Hafner v. St. Louis, 161 Mo. 34. (4) Counsel for appellant are badly mistaken when they assert that the respondent "admitted that part of its road within the extended limits of the city of Columbia was in bad condition, etc." (5) Where the judgment is for the right party, the same should be affirmed by the appellate court, even though some errors may have occurred. Kuhn v. Ins. Co., 71 Mo. App. 305; Cass Co. v. Bank, 157 Mo. 133; Jones v. Brownlee, 161 Mo. 258.

SMITH, P. J.—The plaintiff is a Turnpike Road company which was incorporated under the provisions of chapter 71 of the Act of March 19, 1866. Sess. Acts 1865-6, p. 40. Its line of road according to its articles

of association extended from the "Town of Columbia" to the bridge on Cedar creek in Boone county. The plaintiff was authorized by its charter—the statute—to charge and collect toll from persons travelling over its road. It is conceded that defendant travelled over its road at divers times and that for each trip he was charged on its books of account the rates fixed by plaintiff for such travel thereon not in excess of those allowed by law, and that the aggregate amount of such charges was that sued for. The defense relied on to defeat the action was that the plaintiff had not performed the duties required of it by the statute—section 1234, Revised Statutes—in that it did not at all times maintain a smooth and permanent road so as to form a hard and even surface and maintain and keep in good repair all necessary bridges, culverts, ditches, dykes, etc. There was a trial and at the conclusion of the evidence the court sitting as a jury at the request of defendant gave the following instruction:

"The court sitting as a jury declares the law to be that it is the duty of the Columbia and Cedar Creek Turnpike company, its owners, directors and managers, to maintain at all times a smooth and permanent road from its point of beginning at Ripley street, in the city of Columbia, Missouri, to its terminal point at Cedar creek, not less than twenty feet wide, so as to form a hard and even surface and maintain and keep in good repair, all necessary bridges, culverts, ditches and dykes, and upon a failure to do so neither they nor their agents shall charge or exact any toll from any person or persons travelling over or on such road, and if it appear from the evidence that the road of the Columbia and Cedar Creek Turnpike company has not been so kept and maintained, during the time for which the defendant has been sued for toll, then the plaintiff is not entitled to collect the toll sued for and the finding and verdict must be for the defendant."

But notwithstanding this, the court found for plain-

tiff and entered judgment accordingly, from which defendant appealed.

If it was the duty of the plaintiff, as the court by its instruction declared, to keep its roadway in good repair from its initial point at Ripley street in the city of Columbia to its terminal point at Cedar creek, then it is inconceivable how the finding could have been for plaintiff, since it stood admitted on the record by the plaintiff that that part of its roadway between Ripley and Moss streets was in bad condition and that it was almost impossible for vehicles to travel over it, and that it had been in that condition for a long time. And not a witness, either for plaintiff or defendant, testified that the plaintiff at all times maintained a smooth and permanent road so as to form a hard and even surface, or that it kept in good repair all necessary bridges, culverts, ditches and dykes on that part of the roadway extending from Moss street to Cedar creek; but on the contrary all the witnesses testified that the opposite was true.

By the section of its charter—the statute—it was required that its graded road should not be less than twenty feet wide. It appears that the road was graded to the width of twenty feet and that one-half of that width was gravelled and the other half was but a dirt road. The road as thus constructed originally had an even surface or nearly so, but in the course of time the dirt part of it wore down below that of the surface of the gravel part varying at places from three inches to four feet.

The witnesses all agreed that the plaintiff did not maintain a permanent and smooth roadway so as to form a hard and even surface; and that it did not keep in good repair its bridges, dykes and ditches; but they differed as to how far the condition of the plaintiff's roadway departed from that required by the statute. It is therefore obvious that the essential facts hypothesized in the said instruction were all one way. There was no conflict in the testimony in the respect just re-

ferred to.   If the uncontradicted evidence be given the effect required by the instruction the finding could not have been otherwise than for the defendant.   There can be no other logical result; and for this reason the finding can not be upheld.

It can make no difference what the condition of the road was between Ripley and Moss streets since the remaining part of it extending from the latter street to the Cedar creek bridge did not fully meet the statutory requirement.   The plaintiff was required to keep its entire roadway in good repair and in this it failed.   1 R. S. 1899, secs. 1234-35; Aurora v. Niebrugge (Ind.), 58 N. E. 864; Elliott on Roads and Streets (2 Ed.), 97-105.   Even if so much of the roadway as is situate between such streets was no longer the private property of the plaintiff, and if the city of Columbia was exercising the exclusive control over it and had for any reason assumed the burden of keeping it in good repair, yet the result would be the same.   The evidence respecting the condition of the roadway outside of the limits of the city is, as has been seen, such as to preclude a recovery.

The extension of the territorial limits of the city by an act of the Legislature did not have the effect to deprive the roadway of its character nor the plaintiff of its right of property therein.   Elliott on Roads and Streets (2 Ed.), sec. 31; Wilson v. Alleghany City, 79 Pa. St. 272.   The city, by the exercise of the right of eminent domain, or by purchase, or in some other way, might have acquired the absolute control of this part of the plaintiff's roadway; but this, it clearly appears, it did not do.   And in the exercise of its police powers it could have compelled the plaintiff to do that in respect to its roadway which the safety of the public demanded.   But it was not a duty of the city to keep any part of plaintiff's roadway in repair.   Elliott on Roads and Streets, sec. 73-76.   That duty for aught that appears in this case still devolved on the plaintiff.

The plaintiff contends that the evidence when

viewed in the light of the authorities cited by it clearly shows that the city by dedication acquired that part of said roadway located within the new city limits, but a discussion of the question involved in this contention can serve no useful purpose since, for the reasons already indicated, the plaintiff's case must fail; and, too, without reference to whether or not it has abdicated its rights and absolved itself from its obligations as to that part of said roadway in said city.

The authorities cited by the plaintiff which decide that the fact that a turnpike road is in bad condition constitutes no defense in actions to collect toll, can have no application in this State where we have a statute which expressly declares that the owners of any such road failing to keep the same in good repair shall not exact any toll from any person or persons travelling thereon. Sec. 1234, R. S. This is a disabling statute and was enacted for the purpose of compelling these corporate entities to perform the duties therein required; or, in other words, to compel them at all times to keep their roads in good repair. By its enactment the Legislature in no way abridged the right of the State by appropriate judicial proceedings to cause their charter powers to be recalled. An incorporated turnpike company may by its failure to keep its road in good repair, as required by section 1234, supra, not only disable itself to collect toll but thereby subject itself to a forfeiture of its charter powers.

The default, in which all the evidence showed the plaintiff to have been, clearly disentitled it to recover; and accordingly, the judgment must be reversed. All concur.