Motion to dismiss cross-appellant's appeal sustained June 1, 1915.
Argued on the merits March 7, reversed March 28, 1916.

## BOYER *v.* BURTON.

(149 Pac. 83; 156 Pac. 281.)

**Appeal and Error—Right of Appeal—Consent Judgment.**

1. Where plaintiffs filed an alternative motion for a judgment for a certain amount, or, if found not entitled thereto, for a less amount, they waived their right to appeal from a judgment entered for them for the less amount.

### ON THE MERITS.

**Pleading—Judgment on Pleadings.**

2. Under Section 6480, L. O. L., providing that no tolls shall be collected for travel unless a signboard be posted at each gate in full view of the travel on the road, with rates of toll plainly printed or written thereon, in an action to recover tolls, where the answer denies that the plaintiffs kept posted a signboard giving rates of toll, plaintiffs are not entitled to judgment on the pleadings.

**Turnpikes and Toll Roads—Notice—Actions for Tolls—Defenses.**

3. The fact that the lessees of a road have failed to maintain it in accordance with their contract does not bar a recovery of tolls from a user of the road, unless either the statute or the lease in terms makes the performance of the agreement to maintain the road in the manner provided for a condition precedent to the right to compel the payment of tolls.

**Turnpikes and Toll Roads—Right to Collect Tolls—Forfeiture.**

4. The right to collect tolls is a franchise which cannot be forfeited by a third person in a collateral proceeding, though Section 6483, L. O. L., authorizes the district attorney to maintain an action against the lessee in the name of the county to have the lease forfeited when the lessee shall fail to comply with its provisions.

From Tillamook: HARRY H. BELT, Judge.

This is an action by John W. Boyer, and M. C. Boyer against J. M. Burton. From a judgment in favor of plaintiffs, defendant appeals, and plaintiffs file cross-appeal. Defendant files motion to dismiss the plaintiff's cross-appeal.    MOTION SUSTAINED.

*Messrs. Ramsey, Lange & Nott,* for the motion.

*Mr. H. T. Botts, contra.*

In Banc.   MR. JUSTICE EAKIN delivered the opinion of the court.

In this case the defendant appealed, and the plaintiffs filed a cross-appeal.   The defendant now moves to dismiss the cross-appeal, for the reason that the judgment cannot be appealed from by plaintiffs. Plaintiffs consented to the rendition of the judgment given, and thereby waived all right to appeal from it. They filed an alternative motion for a judgment for the sum of $1,264.80, or if the court should find that they were not entitled to that judgment, then that it grant judgment in their favor for the sum of $421.60, and for their costs and disbursements.   The court acting upon the said motion granted them the alternative prayer and rendered judgment in their favor for $421.-60, and for their costs and disbursements.

It has been held by this court frequently that no appeal lies from a judgment or decree entered by consent: *Twitchell* v. *Risley,* 56 Or. 226 (107 Pac. 459); *Rader* v. *Barr,* 22 Or. 495 (29 Pac. 889).   Here the motion is in the alternative, that if the court should deny the first part of the motion, it should enter judgment for plaintiffs and against the defendant for $421.60, and for plaintiffs' costs and disbursements. The court found that plaintiffs were not entitled to judgment for the $1,264.80.

The motion to dismiss is sustained as to plaintiffs' appeal.                          MOTION SUSTAINED.

Reversed March 28, 1916.

## ON THE MERITS.

(156 Pac. 281.)

Department 2.    Statement by MR. JUSTICE HARRIS.

The plaintiffs are attempting to recover tolls from the defendant who traveled over a toll-road and refused to pay any tolls because the road had not been maintained in the manner stipulated in the franchise. The County Court of Tillamook County leased a public road to John W. Boyer and M. O. Boyer, who agreed in writing to enter into possession of the road, to keep it in good traveling condition for teams and wagons at all seasons of the year, to clear the road of all standing brush and timber to a width of 12 feet, and to keep a track for traveling of a width of 8 feet, to establish turnouts at no greater distance than 20 rods apart, to make the road "of a grade of not to exceed 12 per cent" and "to lay planking or puncheons not less than 8½ feet in length in all springy or swampy places on the line of said road." In consideration of the lease the plaintiffs agree to pay the county $1 per year; and "in consideration of all these agreements herein expressed is performed" the Boyers are allowed to collect tolls at rates fixed by the lease. The complaint recites the lease, and then alleges that the plaintiffs took possession of the road, "erected and have since maintained a toll-gate thereon at the location specified in the lease, posted a signboard at such gate in full view of the travel on the road, with said rates of toll plainly printed thereon," performed all the covenants of the lease, and are maintaining the toll-road "according to law and the terms of said

lease.'' It is further averred that the defendant traveled over the toll-road a certain number of times, and that he refused to pay any toll, although the plaintiffs demanded payment.

After denying that a signboard with the rates of toll was posted or that plaintiffs had complied with the lease or statutes, the answer alleges for a separate defense that the plaintiffs have failed to keep the road ''in good traveling condition for teams and wagons at all seasons of the year''; that they have failed to clear the ''road of all standing brush and timber to a width of 12 feet; and to keep a track for traveling of a width of 8 feet''; that they have refused ''to make, build and establish turnouts at no greater distance than 20 rods apart''; that they have not made the road ''of a grade not to exceed 12 per cent''; and that they have neglected ''to lay planking or puncheons in all the springy or swampy places, as required by the terms of said lease''; that by reason of such failures the road was out of repair ''and almost impassable to travel during the greater part of each year set out in said complaint.'' The plaintiff denied the affirmative allegations of the answer. The court granted a motion of plaintiffs for a judgment on the pleadings, and entered a judgment against the defendant, who has appealed.

REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. H. T. Botts* and *Mr. M. J. Gersoni,* with an oral argument by *Mr. Botts.*

For respondents there was a brief over the names of *Messrs. Ramsey, Lange & Nott,* with oral arguments by *Mr. William M. Ramsey* and *Mr. L. E. Lange.*

Mr. Justice Harris delivered the opinion of the court.

1. The plaintiffs were not entitled to a judgment on the pleadings. The statute expressly provides that:

"No tolls shall be collected for travel * * unless a signboard be posted at such gate in full view of the travel on the road, with rates of toll plainly printed or written thereon": Section 6480, L. O. L.

The complaint alleges and the answer denies that a signboard, with the rates printed thereon, was posted at the toll-gate in full view of the travel on the road, and consequently the plaintiffs cannot recover, unless they show by evidence that the signboard was posted as required by law.

2. While it is conceded by all the parties that the posting of the signboard is a condition which must be performed before tolls can be demanded, the defendant advances a step further and contends that the lease also creates conditions precedent which arise out of the agreement of the Boyers to keep the road in good traveling condition for teams and wagons, to clear the road of brush and timber to the width of 12 feet, to keep a track 8 feet wide, to establish turnouts, not to exceed a certain grade, and to lay planking as specified in the lease. The alleged failure of the plaintiffs to maintain the road in the condition required by the lease is pleaded by the defendant as a bar to the right to demand any tolls at all, and not merely to reduce the amount of the recovery. If the statute or the lease made the right to collect tolls conditional upon the full performance of the agreement, then quite a different situation would be presented: *Columbia & Cedar Creek Turnpike Co.* v. *Vivion,* 103 Mo. App. 324 (77 S. W. 89); 1 Elliott, Roads and Streets (3 ed.), § 106. But neither the statute nor the lease in terms

makes the performance of the agreement to maintain the road in the manner expressed in the lease a condition precedent to the right to compel the payment of tolls. The only express conditions precedent appearing in the statute are found in Section 6480, L. O. L., and those conditions relate only to the collections of tolls at a gate and the posting of a signboard.

3. The right to collect tolls is a franchise which cannot be forfeited by a third person in a collateral proceeding: Thompson, Corp. (3 ed.), §§ 106, 2895; *Truckee & T. T. Road Co.* v. *Campbell,* 44 Cal. 89. The grantor of the franchise may, however, through the district attorney, "maintain an action against the lessee in the name of the county to have such lease declared forfeited whenever the lessee shall fail or neglect to comply with the provisions thereof and of this act": Section 6483, L. O. L. While the answer in the instant case is by no means an attempt to secure a forfeiture of the franchise, it is nevertheless an attempt to work a suspension of a franchise. The county through its official representatives can cause a forfeiture; but, until the franchise held by the Boyers is terminated by a forfeiture or otherwise, a third person cannot travel the toll-road and entirely escape the payment of tolls by showing that the road has not been kept up to the standard fixed by the lease. If every traveler could contest the right to collect tolls there could be as many contests as travelers. One adjudication would not conclude any subsequent controversy with another traveler. Quoting from *Strong* v. *Dunlap,* 10 Humph. (Tenn.) 423, 426:

"Can it be supposed for a moment, that it was intended to put it in the power of every one who passed the road or bridge, to force the owner into a vexatious and expensive litigation for the purpose of establish-

ing his right to receive toll, by proving that the road or bridge was exactly conformable to the charter, or the requirements of the law? If such were the law, who would be guilty of the folly of constructing a turnpike road or toll bridge?''

There are some juridical and text-book expressions which support the position of the defendant: *Sims* v. *Yazoo & Big Black Plank Road Co.*, 38 Miss. 23; the dissenting opinion in *Southwest Bend Bridge* v. *Hahn*, 28 Me. 300, 306; 29 Am. & Eng. Ency. Law (2 ed.), 20; 5 Thompson, Corp. (1 ed.), § 5932. But the overwhelming weight of judicial opinion takes the view that failure to keep a toll-road in repair will not defeat an action for the collection of tolls, unless the statute, lease or charter expressly makes such failure a bar: *State* v. *Schenkel*, 129 Mo. App. 224 (108 S. W. 635); *Kennedy* v. *Crum* (Ky.), 26 S. W. 190; *Shewmaker* v. *Mackville W. & L. T. Co.*, 18 Ky. Law Rep. 221 (35 S. W. 1040); *Gravel-Road Co.* v. *Paas*, 95 Mich. 372 (54 N. W. 907); *Stults* v. *New Brunswick Turnpike Co.*, 48 N. J. Law, 596 (9 Atl. 193); *Proprietors of Quincy Canal* v. *Newcomb*, 7 Met. (Mass.) 276 (39 Am. Dec. 778); *Adams* v. *Beach*, 6 Hill (N. Y.), 271; *Damariscotta Toll-Bridge* v. *Cotter*, 31 Me. 357. See, also, *Centre Turnpike Co.* v. *Smith*, 12 Vt. 212; *Montgomery* v. *Multnomah Ry. Co.*, 11 Or. 344, 356 (3 Pac. 435); *Hackett* v. *Wilson*, 12 Or. 25, 39 (6 Pac. 652).

The judgment is reversed and the cause is remanded.

                         REVERSED AND REMANDED.


MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE BENSON concur.