Submitted on briefs April 14; affirmed May 26, 1931

RORVIK *v.* ASTORIA BOX & PAPER CO.

(299 P. 333)

*J. L. Hope,* of Astoria, for appellant.
*Lord & Moulton,* of Portland, for respondent.

BEAN, C. J. On the 19th of July, 1929, plaintiff suffered the loss of several fingers and the mutilation of his left hand by reason of having the same caught in the unguarded gears of a slasher roll case. The defendant had rejected the Workmen's Compensation Act, and plaintiff alleged that "said gears were not boxed or protected or covered over," while plaintiff was engaged in his work, and that defendant was negligent and careless and violated the provisions of the Employers' Liability Law in not having the intermeshing gears of the slasher covered and protected. The defendant denies any negligence on his part and alleges contributory negligence on the part of the plaintiff.

In the opening statement to the jury, defendant's attorney made the following statement:

"We are not going to ask you to give us a verdict, but we are going to ask you to give him a verdict. Gentlemen, the verdict we are going to ask you to give him is one within reason, and I think the evidence will show you, when we ask that, request it and insist upon it and always have been willing—, you can't help but see that the Astoria Box & Paper Company certainly was willing to treat anybody who had the misfortune of an accident there, whether it was our fault, their fault or both of their faults, that they treated him fairly and squarely, and that is what we want you to do in this case."

And in the course of the closing argument to the jury defendant's attorney stated to the jury substantially as follows:

"That the defendant was willing that the jury return a verdict in favor of plaintiff for such sum as would compensate him for his injury, and named the sum of $5,000 as being the proper amount to be allowed for such purpose, and requested the jury to return a verdict for plaintiff in said amount of $5,000."

It therefore plainly appears that the only question involved in the case was the amount of damages for which a verdict and judgment should be rendered.

■ There are only two assignments of error, the first of which is as follows:

"The trial court erred in instructing the jury that the defendant company, having rejected the Workmen's Compensation Act, was required to protect the gears to the fullest extent that their proper operation would permit, notwithstanding the allegation in plaintiff's complaint that the specific act of negligence was the failure of the defendant to cover the gears by metal sheeting fastened to the framework of the slasher."

The Employers' Liability Law, section 49-1701, Oregon Code 1930, among other things, requires that all persons engaged in the manufacture or use of any dangerous appliance or substance shall see that "all dangerous machinery shall be securely covered and protected to the fullest extent that the proper operation of the machinery permits." It is at once apparent that the instruction complained of by defendant was in conformity with the Employers' Liability Act.

■ The second assignment of error relates to the court's refusing defendant's requested instruction pertaining to covering the gears, and does not pertain to the amount of damages to be awarded plaintiff. The defendant having admitted primary liability to plaintiff, its right to except to the court's refusal to give the requested instruction was waived: *Basche-Sage Hdw. Co. v. DeWolfe,* 113 Or. 246 (231 P. 135); *Schoren v. Schoren,* 110 Or. 272 (214 P. 885, 222 P. 1096); *Boyer v. Burton,* 79 Or. 662 (149 P. 83, 156 P. 281); *Plinsky v. Nolan,* 65 Or. 402 (133 P. 71); *Twitchell v. Risley,* 56 Or. 226 (107 P. 459).

No exception was taken by defendant to any instruction bearing on the question of contributory negligence of plaintiff. No issue is presented here that defendant was deprived of his right to have the damages reduced because of plaintiff's contributory negligence. No question is raised upon this appeal which bears upon the amount of damages awarded to plaintiff, which was the only question upon which the defendant would have a right to appeal, after admitting its primary liability to plaintiff in the sum of $5,000.

There is no question raised upon the appeal other than such as pertains to the question of the primary liability of defendant, which was admitted by it upon the trial of the cause in the court below.

■ In the state of Massachusetts, as in this state, exceptions to the court's rulings must be reserved during the course of the trial, and these exceptions are the basis of the proceeding in this court, which is a court of review only. The Massachusetts court, in *O'Brien v. Boston Elevated Ry. Co.*, 214 Mass. 277 (101 N. E. 365), said:

"A deliberate statement by an attorney that he is satisfied that there is nothing in an exception saved by him commonly must be taken to mean, in the absence of some qualifying reservation, that the exception is waived. This follows from the nature of his duty to the court and the character of his oath of office."

It follows that the judgment of the circuit court must be affirmed. It is so ordered.