Argued February 3, decided March 1; rehearing denied April 26, 1910.

## TWITCHELL v. RISLEY.

[107 Pac. 459.]

APPEAL AND ERROR—DECISIONS REVIEWABLE—CONSENT JUDGMENT.

1. When a judgment is entered by consent, no appeal can be taken from such decision, since the error, if any, is the error of the party, and not the court's; the case being governed by Section 548, B. & C. Comp., providing that any party to a judgment, other than one given, by confession, etc., may appeal.

APPEAL AND ERROR—DECISIONS REVIEWABLE—INTERLOCUTORY ORDERS.

2. All errors of law during a trial are merged in the judgment from which the appeal is taken, and a party consenting to a rendition of the judgment could not reserve the right to appeal from the ruling of the court sustaining a demurrer to his further and separate answer.

APPEAL AND ERROR—JURISDICTION—CONSENT OF PARTIES.

3. Parties cannot by agreement confer upon the Supreme Court jurisdiction of a case, but, when lack of jurisdiction appears upon the face of the record, the court must dismiss the appeal on its own motion.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. JUSTICE SLATER.

This action was brought by J. C. Twitchell against A. J. Risley to recover $1,050 alleged to have been paid by plaintiff to the Hartford Life Insurance Company for the use and benefit of the defendant at the latter's special instance and request.

The answer denies generally the averments of the complaint, except as thereinafter set forth. The further answer is to the effect that the money sought to be recovered was paid upon a special contract, whereby, in consideration of plaintiff paying one-half of the quarterly premiums, as they became due, upon a certain policy of insurance, and continuing to pay them during the life of the insured, he was to receive upon the death of the

insured one-half of the amount collected under the policy.

A demurrer was sustained to the new matter of the answer, whereupon the parties entered into the following stipulation:

"That the plaintiff paid substantially as alleged in defendant A. J. Risley's further and separate answer the sum of $1,020, to which answer a demurrer was interposed and sustained by the court, and it is hereby agreed by and between the parties hereto that judgment may be entered against A. J. Risley in that sum. It is further understood and agreed that the defendant, A. J. Risley, is not to be prejudiced hereto to take an appeal to the Supreme Court of the State of Oregon from the ruling of the court sustaining the demurrer to his further and separate answer, it being the intention thereby to arrive at the amount, if any, due plaintiff in this action, if a trial was had on the issues as they now stand."

Based upon this agreement, a judgment was entered against defendant, who has attempted to appeal therefrom, assigning as errors the sustaining of plaintiff's demurrer and the rendition of the judgment.

DISMISSED.

For appellant there was a brief over the names of *Messrs. Fullerton & Orcutt* with an oral argument by *Mr. James C. Fullerton.*

For respondent there was a brief over the names of *Messrs. Cardwell & Watson* with an oral argument by *Mr. James O. Watson.*

MR. JUSTICE SLATER delivered the opinion of the court.

1. It has been held by this court that no appeal lies from a judgment or decree rendered by consent of the parties: *Rader* v. *Barr,* 22 Or. 495 (29 Pac. 889); *Schmidt* v. *Oregon Gold Mining Co.,* 28 Or. 9 (40 Pac. 406, 1014: 52 Am. St. Rep. 759). In the latter case it was held that, strictly speaking, such a decree is not given by confession or for want of an answer, yet will

be governed by Section 548, B. & C. Comp. The purpose of an appeal is to bring up for review an erroneous action of the trial court; but the trial court performs no judicial act when an order, decree, or judgment is entered by consent. No appeal can be taken by either party from such decision, since the error, if any, is his own, and not the court's. 2 Pld. & Prac. 99.

2. By the stipulation in the record, the parties to this cause expressly agreed that the judgment from which the appeal is attempted to be prosecuted should be rendered; but defendant attempted to create or save a right to appeal therefrom by inserting in the stipulation a reservation to the effect that he should not be prejudiced thereby to appeal from the ruling of the court, sustaining the demurrer to his further and separate answer. This right he never possessed. All the errors of law committed by the court during the course of a trial are merged in the judgment, from which the appeal, if any, is taken, and not from interlocutory orders. Defendant cannot appeal from the judgment because of the statute and he cannot waive that to which he had no right (*Jones* v. *M. & G. R. R.*, 64 Ga. 446; *McBride* v. *Hunter*, 64 Ga. 655).

3. Parties cannot by agreement confer upon this court jurisdiction of the subject-matter of the cause. When a lack of jurisdiction appears upon the face of the record, it is the duty of the court to refuse to proceed further, and to dismiss the appeal on its own motion: *Kesler* v. *Nice*, 54 Or. 585 (104 Pac. 2).

The appeal therefore is dismissed.