Argued at Pendleton October 28, appeal dismissed December 9, 1924, rehearing denied January 20, 1925.

## BASCHE-SAGE HDW. CO. *v.* L. G. DE WOLFE.

(231 Pac. 135.)

**Appeal and Error—Judgment on Stipulation of Parties not Appealable.**

1.  No appeal lies from judgment on stipulation of parties.

**Appeal and Error—Court on Own Motion must Dismiss Appeal from Judgment on Stipulation.**

2. . When record shows appeal is taken from judgment on stipulation of parties, court of its own motion must dismiss.

**Appeal and Error—Stipulation, Reserving Right of Appeal from Interlocutory Orders, Held Ineffective.**

. 3.  Stipulation of parties, reserving plaintiff's right of appeal from an order sustaining the demurrer to the first cause of action, and from the order striking the amended complaint from the files, is not effective to support appeal; the orders mentioned being interlocutory and not appealable.

**Courts—Former Decision, That Stipulations cannot Give Supreme Court Jurisdiction of Judgment, Held Binding.**

4.  Former decision, that stipulations cannot give Supreme Court jurisdiction of judgment, is binding.

**Judgment—On Stipulation of Parties, Binding as to All Issues.**

5.  Where judgment is rendered for plaintiff by consent of parties, and their stipulation set out its terms, parties are concluded as to every question litigated.

---

See (1) 3 C. J. 671.   (2) 4 C. J. 590.   (3) 3 C. J. 369, 433, 437, 481, 488.   (4) 15 C. J. 919.   (5) 34 C. J. 890. .

1.  See 25 R. C. L. 1099.
4.  See 2 R. C. L. 74.

From Grant: DALTON BIGGS, Judge.

In Banc.

APPEAL DISMISSED.    REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Errett Hicks* and *Messrs. Nichols, Hallock & Donald,* with an oral argument by *Mr. James T. Donald.*

For respondent there was a brief over the names of *Mr. A. A. Smith, Mr. Otis Patterson* and *Mr. Fred W. Packwood,* with an oral argument by *Mr. Smith.*

PIPES, J.—As we must dismiss this appeal, we confine this statement to the matters pertaining to the question decided.

The plaintiff filed a complaint containing five separate causes of action. A demurrer was interposed to each of the causes of action alleged. The demurrer was sustained as to the first cause of action and overruled as to the other four. Time was given to the plaintiff to amend its pleading. Plaintiff filed an amended complaint, making some changes in its first cause of action, and repeated the allegations of the original complaint in respect to the other causes of action. A motion was made by the defendant to strike the amended complaint from the files. This motion was allowed in its entirety. Later, however, the amended complaint was, by consent of the parties, reinstated in respect to all of the causes of action except the first. To the amended complaint, so reinstated, the defendant answered as to all of the causes of action except the first, to which the demurrer had been sustained. A demurrer was interposed to these answers, but no ruling was made thereon.

Instead thereof, the parties filed a stipulation, which is as follows:

"The parties to the above entitled cause, by their attorneys of record, hereby stipulate and agree:

"That on the 12th day of May, 1921, demurrer was sustained to the first cause of action set forth in plaintiff's complaint.

"That on August 15, 1921, an amended complaint was filed which set forth therein the several causes of action set forth in the original complaint.

"That on September 20, 1921, a motion was made to strike each of the several causes of action set forth in the amended complaint, and also to strike the whole of said complaint, and the said motion was sustained and the amended complaint stricken from the files.

"That thereafter the original complaint, minus the first cause of action set forth therein, was treated as the complaint in this action and stood as and for the complaint in the cause and has since so stood and may now and hereafter stand as the complaint in the cause, subject to plaintiff's right of appeal from the order sustaining the demurrer to the first cause of action and from the order striking the amended complaint from the files.

"That on the 28th day of June, 1922, the defendant filed an answer to the original complaint which was directed to each cause of action therein set forth except the first cause, to which a demurrer had been sustained.

"That on the 11th day of September, 1922, the defendant filed an amended answer to the original complaint directed to each cause of action set forth therein except the first cause, to which a demurrer had been sustained, and this amended answer was filed by consent.

"That on the 6th day of November, 1922, the plaintiff demurred to each of the separate answers of the defendant set forth in his answer, and at the same time filed a motion to strike each separate answer, and on the said demurrer and motion there has been no ruling.

"It is further stipulated and agreed at this time that the plaintiff may have judgment as prayed for in its original complaint on the second, third, fourth and fifth causes of action set forth therein."

Upon a part of that stipulation the court made and entered the following judgment:

"Now on this day the above cause coming on to be heard on stipulation of the parties made and filed herein, the plaintiff appearing by its attorneys, Nichols & Hallock and Errett Hicks, and the defendant appearing by his attorney, Otis Patterson, and it appearing to the court that the parties to this action, by their attorneys of record, have entered into and filed herein a stipulation wherein it is agreed, among other things, that the plaintiff take judgment on its second, third, fourth and fifth causes of action set forth in the original complaint,

"It is therefore considered, ordered and adjudged that the plaintiff have and recover of and from the defendant the sum of $568.97, with interest thereon from the 24th day of December, 1920, at the rate of six per cent per annum, and for the further sum of $107.25, with interest thereon from the 26th day of November, 1920, at the rate of six per cent per annum, and for the further sum of $78.25, with interest thereon from the 27th day of November, 1920, at the rate of six per cent per annum, and for the further sum of $184.93, with interest thereon from the 11th day of August, 1920, at the rate of six per cent per annum, and for the costs and disbursements of this action taxed at the sum of $20.00.

"It further appearing that certain real property of the defendant has been attached and levied upon in this action,

"It is further ordered the said real property be sold in the manner provided by law and the proceeds of such sale applied to the satisfaction of this judgment."

The plaintiff served within the time allowed the following notice of appeal:

"To L. G. DeWolf, defendant above named, and to
    Otis Patterson, Esq., his attorney:
    "You and each of you will please take notice that
Basche-Sage Hardware Company, a corporation,
plaintiff in the above entitled proceeding, hereby ap-
peals to the supreme court of the state of Oregon from
that certain judgment given, made and entered in the
above entitled court and cause on the 1st day of No-
vember, 1923, which judgment is in favor of plain-
tiff and against said defendant and in and by which
judgment the plaintiff above named is awarded judg-
ment against the defendant herein in the sum of
$568.97, with interest thereon at the rate of six per
cent per annum from the 24th day of December, 1920,
and for the further sum of $107.25, with interest
thereon at the rate of six per cent per annum from
the 26th day of November, 1920, and for the further
sum of $78.25, with interest thereon at the rate
of six per cent per annum from the 27th day of
November, 1920, and for the further sum of $184.93,
with interest thereon at the rate of six per cent per
annum from the 11th day of August, 1920, and for the
costs and disbursements of said action taxed and
allowed at the sum of $20.00, and which judgment
so entered further provided that certain real prop-
erty attached in said action be sold to satisfy said
judgment; and this appeal is taken from said judg-
ment, and the whole thereof."

No motion was made to dismiss the appeal, but
counsel for defendant, in his brief, referred to the
record for the purpose of drawing the court's atten-
tion to it. The question presented is whether or not
this court has acquired jurisdiction of the appeal.

1, 2. It appears from the foregoing statement that
this appeal is taken from a judgment that was ren-
dered upon stipulation of the parties. Such a judg-
ment is not appealable: *Schmidt* v. *Oregon Gold
Mining Co.*, 28 Or. 9 (40 Pac. 406, 1014, 52 Am. St.
Rep. 759); 41 Cent. L. J. 283; *Twitchell* v. *Risley*,
56 Or. 226 (107 Pac. 459); *Plinsky* v. *Nolan*, 65 Or.

402 (133 Pac. 71); *Boyer* v. *Burton,* 79 Or. 662 (149 Pac. 83, 156 Pac. 281); *Johnson* v. *Paulson,* 83 Or. 238 (154 Pac. 685, 163 Pac. 435).

And when the record so shows it is the duty of the court, of its own motion, to dismiss the appeal: *Twitchell* v. *Risley, supra; Kesler* v. *Nice,* 54 Or. 585, 586 (104 Pac. 2).

3. It is a part of the stipulation that the original complaint, minus the first cause of action, should "stand as the complaint in the cause, subject to plaintiff's right of appeal from the order sustaining the demurrer to the first cause of action and from the order striking the amended complaint from the files." This is an attempt to save, by a stipulation, the right of appeal from the legal effect of the judgment stipulated. But the orders mentioned in the stipulation were interlocutory and not appealable. The plaintiff, never having had the right to appeal from them, cannot create the right by stipulation.

In *Twitchell* v. *Risley,* 56 Or. 226, 227 (107 Pac. 459, 460), the parties entered into the following stipulation:

"That the plaintiff paid substantially as alleged in defendant A. J. Risley's further and separate answer the sum of $1,020, to which answer a demurrer was interposed and sustained by the court, and it is hereby agreed by and between the parties hereto that judgment may be entered against A. J. Risley in that sum. It is further understood and agreed that the defendant, A. J. Risley, is not to be prejudiced hereto to take an appeal to the supreme court of the state of Oregon from the ruling of the court sustaining the demurrer to his further and separate answer, it being the intention thereby to arrive at the amount, if any, due plaintiff in this action, if a trial was had on the issues as they now stand."

In reference to that stipulation Mr. Justice SLATER, speaking for the court, said:

"By the stipulation in the record, the parties to this cause expressly agreed that the judgment from which the appeal is attempted to be prosecuted should be rendered; but defendant attempted to create or save a right to appeal therefrom by inserting in the stipulation a reservation to the effect that he should not be prejudiced thereby to appeal from the ruling of the court sustaining the demurrer to his further and separate answer. This right he never possessed. All the errors of law committed by the court during the course of a trial are merged in the judgment, from which the appeal, if any, is taken, and not from the interlocutory orders. Defendant cannot appeal from the judgment because of the statute, and he cannot [waive, *sic?*] save that to which he had no right. (*Jones* v. *Mobile & G. R. R.,* 64 Ga. 446; *McBride* v. *Hunter,* 64 Ga. 655.)"        56 Or. 226, 228 (107 Pac. 459).

4. The court dismissed the appeal of its own motion.

The parties attempt here what was attempted there without avail. It was also decided there that the stipulation did not confer jurisdiction. We must follow that authority.

5. The judgment here adjudicates all of the issues presented by the pleadings. There can be but one judgment in a law action between adversary parties, and such judgment concludes the parties as to every question that was litigated: *Glenn* v. *Savage,* 14 Or. 567, 573 (13 Pac. 442); *Taylor* v. *Taylor,* 54 Or. 560, 577 (103 Pac. 524). That would have been the effect of the judgment under consideration if it had resulted from a trial instead of a stipulation. The scope of the stipulation is necessarily as wide as the legal effect of the judgment stipulated. It follows that the parties have stipulated, not only that the plaintiff should have judgment for the sums mentioned, but that it should have judgment for no more.

In *Boyer* v. *Burton, supra,* the plaintiff filed an alternative motion for judgment for the sum of $1,264.80, or if not entitled thereto, for the sum of $421.60. The court rendered judgment for the latter sum. It was held to be a judgment by consent, and included the adjudication "that plaintiffs were not entitled to judgment for the $1,264.80."

The notice of appeal designating a judgment rendered by consent, this court has no jurisdiction, and the appeal is dismissed.

APPEAL DISMISSED. REHEARING DENIED.