Argued and submitted on March 2, 1998, decision of Court of Appeals vacated and appeal dismissed August 5, reconsideration denied September 28, 1999

Fidel Aguilar RAUDA,
Jose Saul Avalos Aguilar, Oscar Aguilar,
Maria Teresa Alvarado De Medina,
Refugio Bucio Martinez, Martin Leon Martinez,
Taurino Lopez Tenorio, Tiburcio Ramirez Mendez,
Araceli Reyes Rosendo, Hermilio Romero Arzola,
Silvestre Ruiz Mendez,
*Respondents on Review,*

*v.*

OREGON ROSES, INC.,
*Petitioner on Review.*
(CC 9410-75CV; CA A90331; SC S44257)
986 P2d 1157

Barbee B. Lyon, Tonkon, Torp, Galen, Marmaduke & Booth, Portland, argued the cause on behalf of petitioner on review. With him on the brief was Jon P. Stride, Portland.

D. Michael Dale, Oregon Legal Services Corporation, Hillsboro, argued the cause on behalf of respondents on review.

Joe Hobson, Jr., Salem, filed a brief on behalf of *amicus curiae* Oregon Farm Bureau Federation.

Gene Mechanic, Goldberg, Mechanic & Stuart LLP, Portland, filed a brief on behalf on *amicus curiae* AFL-CIO.

Before Carson, Chief Justice, and Van Hoomissen, Durham, Kulongoski, and Leeson, Justices.**

DURHAM, J.

---

** Graber, J., resigned March 31, 1998, and did not participate in this decision. Gillette and Riggs, JJ., did not participate in the consideration or decision of this case.

## DURHAM, J.

In this employment dispute, the parties disagree whether plaintiffs stated a claim for wrongful discharge. We conclude, however, that the trial court's judgment is not appealable. Accordingly, we vacate the decision of the Court of Appeals and dismiss defendant's appeal.

Plaintiffs are agricultural workers who allege that defendant, their employer, discharged them for discussing the terms of their compensation with defendant's agent. Plaintiffs filed two claims regarding the discharges: breach of contract and wrongful discharge. Defendant moved to dismiss the complaint in its entirety for failure to state a claim. ORCP 21 A(8). The trial court dismissed the claim for breach of contract. No party challenges that decision. The trial court denied defendant's motion to dismiss the wrongful discharge claim.

The parties then stipulated to the entry of a judgment that resolved all of plaintiffs' claims and submitted the stipulated judgment to the court. The stipulated judgment purported to reserve to defendant a right to appeal the denial of its motion to dismiss the claim for wrongful discharge.[1] The court signed and entered the stipulated judgment.

The stipulated judgment provides:

"The Court has denied defendant's motion to dismiss both counts of the [wrongful discharge claim]. Defendant has offered to stipulate that the amount of damages otherwise recoverable on [that claim] is $30,000, reserving nevertheless its right to appeal the denial of its motion to dismiss [that claim]. Plaintiffs have agreed to the stipulation. It is therefore

---

[1] Defendant gives the following description of the parties' actions:

"[Defendant] then stipulated to the entry of judgment in plaintiffs' favor on [the claim for wrongful discharge], reserving nevertheless the right to appeal the denial of its motion to dismiss that claim. The parties stipulated that the amount of damages recoverable at trial on that [claim] would have been $30,000. A stipulated judgment was entered accordingly."

"ORDERED AND ADJUDGED as follows:

"1. Plaintiffs have judgment against defendant on their First Claim [for wrongful discharge] in the amount of $30,000;

"2. All other claims are dismissed; and

"3. No costs or attorney fees are awarded to either party.

"[Financial details of Money Judgment omitted.]

"DATED this 5th day of September, 1995.

/s/ Jon Lund
_____
JON LUND, CIRCUIT COURT JUDGE

"It Is So Stipulated:

"[Signature of Counsel          [Signature of Counsel
for defendant]                  for plaintiffs]

"Dated: August 29, 1995         Dated: September 1, 1995"


Defendant appealed from that judgment. The Court of Appeals affirmed. *Rauda v. Oregon Roses, Inc.*, 147 Or App 106, 935 P2d 469 (1997). Defendant petitioned for review.

■     We inquire *sua sponte* into the question whether the Court of Appeals had jurisdiction to consider defendant's appeal. *See, e.g., Industrial Leasing Corp. v. Van Dyke*, 285 Or 375, 377, 591 P2d 352 (1979) (even if the respondent does not raise the issue, court will dismiss appeal on own motion if appellate jurisdiction does not exist). Defendant argued, in response to questions from the court during oral argument, that the stipulated judgment was appealable.

■     *Ososke v. DMV*, 320 Or 657, 659-60, 891 P2d 633 (1995) states: "The right to obtain appellate review is statutory and subject to limitations imposed by the statute conferring the right." An appellate court cannot exercise appellate jurisdiction over an appeal unless a statute authorizes an appeal from the judgment or order that the trial court entered. *See Zacker v. North Tillamook County Hospital Dist.*, 312 Or 330, 336, 822 P2d 1143 (1991) (Court of Appeals lacked appellate jurisdiction where party attempted to

appeal from order of dismissal; statute authorized appeal only from judgment of dismissal).

The pertinent statute here is ORS 19.245,[2] which provides, in part:

> "Any party to a judgment or decree, other than a judgment or decree given by confession or for want of an answer, may appeal therefrom. The plaintiff may appeal from a judgment or decree given by confession or for want of an answer where such judgment or decree is not in accordance with the relief demanded in the complaint. * * *"

In *Russell v. Sheahan*, 324 Or 445, 927 P2d 591 (1996), this court construed that statute and concluded that the legislature intentionally omitted any authorization to appeal from a stipulated judgment. In reaching that conclusion, *Russell* relied on the established legal meaning of the distinctive terminology in the statute as well as a number of earlier decisions of this court that construed ORS 19.245 or its substantively identical predecessors. Those authorities establish that Oregon law never has authorized an appeal from a stipulated judgment, that is, "a judgment entered with the consent of *both* the party against whom the judgment is entered *and* the party in whose favor the judgment is entered." *Russell*, 324 Or at 450 (emphasis in original).

As noted above, the parties stipulated to the judgment, which resolved all of plaintiffs' claims. They also agreed that defendant "reserv[ed] nevertheless its right to appeal the denial of its motion to dismiss" the wrongful discharge claim. For purposes of this opinion, we assume that that wording sought to reserve for defendant a right to appeal from the judgment for the purpose of assigning error to the trial court's order denying the motion to dismiss the wrongful discharge claim. The parties did not confine their stipulation, for example, to the fact or amount of plaintiffs' damages. This case raises the question whether the stipulated judgment is appealable because it purports to reserve defendant's right to appeal from it. For the reasons discussed below, we conclude that the stipulated judgment is not appealable.

---

[2] ORS 19.020 (1995) was renumbered in 1997 as ORS 19.245.

In two cases, this court has held that the attempt to reserve a party's right of appeal in a stipulated judgment is without legal effect. In *Twitchell v. Risley*, 56 Or 226, 107 P 459 (1910), the defendant answered the plaintiff's complaint, the plaintiff demurred to new matter in the answer, and the trial court sustained the demurrer. The parties then stipulated:

> " 'That the plaintiff paid substantially as alleged in defendant A.J. Risley's further and separate answer the sum of $1,020, to which answer a demurrer was interposed and sustained by the court, and it is hereby agreed by and between the parties hereto that judgment may be entered against A.J. Risley in that sum. It is further understood and agreed that the defendant, A.J. Risley, is not to be prejudiced hereto to take an appeal to the Supreme Court of the State of Oregon from the ruling of the court sustaining the demurrer to his further and separate answer, it being the intention thereby to arrive at the amount, if any, due plaintiff in this action, if a trial was had on the issues as they now stand.' "

*Id.* at 227. The trial court entered judgment in favor of the plaintiff, and the defendant appealed. *Ibid.* This court dismissed the appeal on its own motion, stating:

> "It has been held by this court that no appeal lies from a judgment or decree rendered by consent of the parties: *Rader v. Barr*, 22 Or. 495 (29 Pac. 889); *Schmidt v. Oregon Gold Mining Co.*, 28 Or. 9 (40 Pac. 406, 1014: 52 Am. St. Rep. 759). In the latter case it was held that, strictly speaking, such a decree is not given by confession or for want of an answer, yet will be governed by Section 548, B. & C. Comp. The purpose of an appeal is to bring up for review an erroneous action of the trial court; but the trial court performs no judicial act when an order, decree, or judgment is entered by consent. No appeal can be taken by either party from such decision, since the error, if any, is his own, and not the court's. 2 Pld. & Prac. 99."

*Id.* at 227-28.

This court then discussed the invalidity of the defendant's attempt, in the text of the stipulated judgment, to preserve a right to appeal:

"By the stipulation in the record, the parties to this cause expressly agreed that the judgment from which the appeal is attempted to be prosecuted should be rendered; but defendant attempted to create or save a right to appeal therefrom by inserting in the stipulation a reservation to the effect that he should not be prejudiced thereby to appeal from the ruling of the court, sustaining the demurrer to his further and separate answer. This right he never possessed. All the errors of law committed by the court during the course of a trial are merged in the judgment, from which the appeal, if any, is taken, and not from interlocutory orders. Defendant cannot appeal from the judgment because of the statute and he cannot waive that to which he had no right * * *."

*Id.* at 228 (citations omitted).

In a similar manner, in *Basche-Sage Hdw. Co. v. DeWolfe*, 113 Or 246, 251, 231 P 135 (1925), the plaintiff sought to preserve a right to appeal by incorporating in a stipulated judgment a statement that the stipulation was "subject to" the plaintiff's right to appeal. This court concluded that such a statement was ineffective to preserve the right to appeal:

"It is a part of the stipulation that the original complaint, minus the first cause of action, should 'stand as the complaint in the cause, subject to plaintiff's right of appeal from the order sustaining the demurrer to the first cause of action and from the order striking the amended complaint from the files.' This is an attempt to save, by a stipulation, the right of appeal from the legal effect of the judgment stipulated. But the orders mentioned in the stipulation were interlocutory and not appealable. The plaintiff, never having had the right to appeal from them, cannot create the right by stipulation."

*Ibid.*

*Twitchell* and *Basche-Sage* hold that a stipulated judgment does not become appealable simply because it contains words that purport to preserve one party's right to appeal or assign error to some interlocutory ruling by the trial court. As with all judgments, a stipulated judgment merges the purported errors of law committed by the trial

court in its interlocutory orders. Those purported errors are not reviewable if the judgment itself is not appealable.

Defendant contends that the stipulated judgment was the equivalent of a judgment entered after a trial on agreed facts, *see* ORCP 66 (describing procedure for decision of submitted controversy), or a trial in which one party introduces no evidence. Those procedures are distinguishable. Unlike the judgment here, those procedures involve no stipulation by the parties to the entry of the resulting judgment.

As *Basche-Sage* held, a party cannot attempt to create, by agreement, the right to appeal from a stipulated judgment. 113 Or at 251. The stipulated judgment in this case attempts to reserve for defendant a right to appeal the stipulated judgment for the purpose of assigning error to the trial court's denial of the motion to dismiss plaintiffs' wrongful discharge claim. Because the stipulated judgment is not appealable, the reservation is of no legal effect. *Twitchell* held that such a reservation attempts to preserve a right of appeal that defendant "never possessed." 56 Or at 228.

The authorities reviewed above compel the conclusion that the stipulated judgment entered in this case is not subject to appeal. In the face of those authorities, the Court of Appeals should have dismissed defendant's appeal.

The decision of the Court of Appeals is vacated and the appeal dismissed.