Argued and submitted December 15, 1999, appeal dismissed for lack of jurisdiction
July 12, 2000

In the Matter of the Marriage of

Fred E. JENSEN,
*Respondent,*
*and*

Cindy K. JENSEN,
*Appellant.*

(DR95-07-156; CA A98913)

7 P3d 691

Terrance Lee Hogan argued the cause and filed the briefs for appellant.

Ann Carol Postlewaite argued the cause for respondent. With her on the brief was Gevurtz, Menashe, Larson & Howe, P.C.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

In 1996, a judgment of the dissolution of the parties' marriage was entered. The dissolution judgment incorporated their marital settlement agreement that included provisions concerning the division of property and spousal and child support. Approximately one year later, husband moved to modify the child and spousal support obligations under the judgment. Thereafter, the parties appeared before the trial court and entered into a stipulated agreement on the record. Husband's attorney submitted a "STIPULATED ORDER RE TERMINATION OF SPOUSAL SUPPORT AND POST-DISSOLUTION MATTERS; FULL SATISFACTION OF MONEY JUDGMENT" that the trial court executed. Wife appeals from the stipulated order.

The marital settlement agreement that was incorporated into the dissolution judgment awarded the family home to the parties as tenants-in-common and provided, in part:

"(5) Wife shall be awarded the first $600,000 from the net proceeds from the sale of the home. In the event the amount received for the sale of the home nets less than $600,000, the judgment in paragraph 5.L. shall be increased by the amount necessary to net Wife $600,000 herein. Wife shall pay the United States National Bank of Oregon credit line obligation in the original amount of approximately $49,000 from her share of the proceeds from the sale of the family home.

"(6) Husband and Wife shall evenly divide any funds in excess of $600,000 from the sale of said home."

The stipulated order recites that it modifies the prior dissolution judgment. It states that "the parties reached a stipulation on all issues relating to the above-referenced motion as well as other issues not specifically raised therein." According to the order: (1) husband's spousal support obligation is terminated; (2) wife is awarded the family home as her sole and separate property subject to the encumbrances as stated in the order; (3) the parties agree to share their child's

college expenses and, if the child lives with one parent while attending school, the other parent shall pay $250 per month to the parent with whom the child is residing; and (4) husband shall receive certain items of personal property that are in wife's possession.

On appeal, wife makes several arguments, including that the order is void because the trial court lacked subject matter jurisdiction to modify the property distribution provisions of the original dissolution judgment.[1] She contends that "this Court has a duty to 'clean' or[ ] remove void judgments from the trial court register" and that she should be restored "to the full proceeds of the Marital Settlement Agreement and" the dissolution judgment. Wife's appeal presents more than one problem. Most importantly, we are without statutory authority to review a stipulated judgment on appeal.[2] ORS 19.245 does not apply to stipulated judgments, and we have "no authority to create a right to appellate review, notwithstanding the lack of a statutory basis for appellate jurisdiction, simply because the court regards the underlying issue sought to be reviewed as an important one." *Russell v. Sheahan*, 324 Or 445, 456, 927 P2d 591 (1996) (construing *former* ORS 19.020 (1995), *renumbered as* ORS 19.245 (1997), which is substantively identical to the current version of ORS 19.245). *See also Rauda v. Oregon Roses, Inc.*, 329 Or 265, 986 P2d 1157 (1999) (construing ORS 19.245

---

[1] Generally, "[p]roperty divisions are not subject to modification[.]" *Tiley and Tiley*, 147 Or App 262, 266, 936 P2d 367, *rev den* 325 Or 491 (1997). In *Spady v. Graves*, 307 Or 483, 488-89, 770 P2d 53 (1989), the Supreme Court held that, because the trial court lacked authority to modify the property division in the original judgment, "the parts of the modification order purporting to modify the property division of the original [judgment were] void."

[2] Before this case was argued, husband moved to dismiss the appeal on the ground that the stipulated order was not appealable. The Chief Judge denied the motion on September 3, 1998. Again, in his brief, husband argues that, because there is no right to appeal from a stipulated order, the appeal should be dismissed. ORAP 7.15(3) provides that, "[i]f any motion other than a challenge to the court's jurisdiction is denied before submission of the case, the motion may not be resubmitted without leave of the court in the order on the motion." Because appealability is jurisdictional, the panel may reconsider the prior ruling. *State v. Summers*, 151 Or App 301, 305, 948 P2d 754 (1997); *State ex rel Juv. Dept. v. Black*, 101 Or App 626, 628 n 1, 792 P2d 1225 (1990).

(1997), which is substantively identical to the current version of ORS 19.245).[3]

Appeal dismissed for lack of jurisdiction.

---

[3] We do not perceive wife on appeal to attack the stipulation on the ground that she did not consent to it. *See Brown and Shiban*, 155 Or App 238, 241, 963 P2d 105 (1998), *rev den* 328 Or 594 (1999) ("The validity of a stipulated judgment clearly can be challenged by a party in an appropriate proceeding on the ground that the party did not consent to it."). Rather, her challenge is to the entry of the order based on the stipulation. It is arguable that the parties' agreement regarding property division matters could be enforceable as a contract even though it is not a proper subject of a judgment modifying a property distribution in a dissolution judgment. *See Webber v. Olsen*, 330 Or 189, 998 P2d 666 (2000) (holding that a violation of a provision in a judgment does not give rise to a breach of contract action). Additionally, in the abstract, ORCP 71 could be a vehicle for challenging a void judgment, and an order denying a motion under that rule is subject to direct appeal. Any judgment must comply with the prerequisites of ORCP 70 including that "[e]very judgment shall be in writing plainly titled as a judgment[.]" ORCP 70 A.