Argued and submitted January 7, appeal dismissed October 18, 2000

Joshua DAVIS;
and Bruce R. Kirk,
as Guardian ad litem for
Michael R. Kirk, a minor,
individually and on behalf of
all similarly situated individuals,
*Appellants,*

*v.*

ACT III THEATRES, INC.,
a Delaware corporation;
Broadway Cinema, Inc.,
an Oregon corporation;
Eastgate Theatre, Inc.,
dba Act III Theatres,
an Oregon corporation;
and General American Theatres, Inc.,
dba Broadway Theatre,
an Oregon corporation,
*Respondents.*

(98-06-04353; CA A105095)

13 P3d 164

David F. Sugerman argued the cause for appellants. With him on the briefs was Paul & Sugerman.

David H. Wilson argued the cause for respondents. With him on the brief was Bullard, Korshoj, Smith & Jernstedt.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

The trial court dismissed plaintiffs' first and third claims for relief for failure to state a claim, and plaintiffs agreed to dismiss their second claim for relief. The trial court entered a judgment to that effect on January 20, 1999. On January 20, 1999, the parties also submitted a stipulated dismissal pursuant to ORCP 54 A(1) to the court.[1] The stipulation provides:

"The Court having granted defendants' motion to dismiss the first and third claims in plaintiffs' amended complaint in this action, and plaintiffs having elected not to replead those claims, it is hereby stipulated between plaintiffs and defendants pursuant to ORCP 54A(1) that this action is voluntarily dismissed in accordance with, and subject to, the terms of the November 25, 1998 agreement between plaintiffs and defendants attached hereto as Exhibit A."[2]

Based on the parties' stipulation, the court entered a judgment of dismissal on January 22, 1999. Plaintiffs subsequently appealed from both judgments.

■■    If the second judgment superseded the first, we lack jurisdiction over plaintiffs' appeal. *Rauda v. Oregon Roses, Inc.*, 329 Or 265, 986 P2d 1157 (1999). Having stipulated to dismiss "this action," plaintiffs may not appeal from the resulting judgment of dismissal even though the stipulation purports to permit their appeal. *See id.*[3] We accordingly turn to the question whether the January 22, 1999, judgment of dismissal superseded the January 20, 1999, judgment.

■    The trial court had authority to enter the January 22, 1999, judgment. *See* ORCP 71 A.[4] Although the January

---

[1] The date stamp shows that the stipulated dismissal was initially filed on January 19, 1999. The first date stamp is crossed out, and a second date stamp shows that the stipulated dismissal was refiled on January 20, 1999.

[2] The attached agreement contemplates that plaintiffs may appeal from the stipulated dismissal.

[3] This is not a case like *Allen v. County of Jackson*, 169 Or App 116, 121-22, 7 P3d 739 (2000), in which "any stipulation was limited to certain facts, not to the judgment as a whole."

[4] Although it is not clear why the parties submitted the stipulated dismissal, they apparently concluded that the January 20, 1999, judgment was either incomplete or incorrect. In either event, the trial court had authority to correct its earlier judgment.

22, 1999, judgment of dismissal does not recite that it amends or supersedes the January 20, 1999, judgment, the question whether a second judgment supersedes the first turns on its effect not its form. *Mullinax and Mullinax*, 292 Or 416, 432, 639 P2d 628 (1982); *Smith and Koors*, 149 Or App 198, 202, 942 P2d 807 (1997). The court explained in *Mullinax*:

> "This amended decree, with the exception of the modification to the child-support provision, incorporates completely the provisions of the original decree. It neither expressly vacates nor nullifies that prior decree. However, as we now hold, it is the *effect* of the amendment, rather than its particular *form*, which is crucial in determining whether time for an appeal should be measured from its entry. Therefore, we conclude that for these purposes, the *effect* of the entry of this amended decree by stipulation of the parties was to supersede and replace the original decree."

292 Or at 432 (emphasis in original). We followed *Mullinax* in *Smith* and explained that "the amended judgment superseded the original judgment and became the only judgment in the case." *Smith*, 149 Or App at 202.

Although the decisions in *Mullinax* and *Smith* addressed the question whether the time to appeal ran from the first or second judgment, their reasoning applies equally to the question of which judgment is the subject of plaintiffs' appeal; it would be anomalous to apply a different standard to the two questions. Because the second judgment changed the terms of the first, it "superseded the original judgment and became the only judgment in the case." *Smith*, 149 Or App at 202. We lack jurisdiction over plaintiffs' appeal from that judgment. *Rauda*, 329 Or at 272.

Appeal dismissed.