Argued and submitted June 12, 2000, appeal dismissed for lack of jurisdiction May 9, petition for review denied August 7, 2001 (332 Or 430)

Ruby THOMPSON,
*Appellant,*

*v.*

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
*Respondent.*

16-99-06498; A108055

25 P3d 387

Dean Heiling argued the cause for appellant. With him on the brief was Dean Heiling & Associates.

Michael H. Long argued the cause for respondent. With him on the brief was Brown, Roseta, Long, McConville, Kilcullen & Carlson.

Before Haselton, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

WOLLHEIM, J.

Deits, C. J., concurring.

---

\* Deits, C. J., *vice* De Muniz, J., resigned.

**WOLLHEIM, J.**

In this underinsured motorist (UIM) coverage dispute, the parties disagree as to how attorney fees and costs incurred in prosecuting a third-party liability action are to be credited against plaintiff's UIM coverage. We dismiss the appeal because we conclude that we lack jurisdiction.

Plaintiff was involved in a motor vehicle accident that occurred during the course and scope of her employment. Plaintiff received workers' compensation benefits from SAIF in the amount of $28,261.24. Plaintiff also received a $30,000 settlement in a third-party tort action against the driver of the other vehicle in the accident. Of that $30,000, attorney fees and costs in the amount of $10,755.74 were paid to plaintiff and her attorney pursuant to ORS 656.593.[1] One-third of the remaining amount ($6,414.75) was paid to plaintiff and two-thirds of the remaining amount ($12,829.51) were paid to SAIF. ORS 656.593.

Plaintiff had a motor vehicle insurance policy with defendant. That policy had a $50,000 limit on UIM coverage. The parties were unable to agree as to the amount of UIM benefits remaining after the $50,000 limit was reduced by the workers' compensation benefits and tort settlement received by plaintiff. To resolve this legal issue, the parties filed motions for summary judgment. Defendant argued that both under its policy regarding reduction of UIM limits and under ORS 742.504(7),[2] it was entitled to deduct from the

---

[1] ORS 656.593 provides, in part:

"(1) * * * The proceeds of any damages recovered from an employer or third person by the worker or beneficiaries shall be subject to a lien of the paying agency for its share of the proceeds as set forth in this section. * * * The total proceeds shall be distributed as follows:

"(a) Costs and attorney fees incurred shall be paid * * *.

"(b) The worker or the beneficiaries of the worker shall receive at least 33-1/3 percent of the balance of such recovery.

"(c) The paying agency shall be paid and retain the balance of the recovery, but only to the extent that it is compensated for its expenditures for compensation, first aid or other medical, surgical or hospital service, and for the present value of its reasonably to be expected future expenditures for compensation and other costs of the worker's claim under this chapter. * * *

"(d) The balance of the recovery shall be paid to the worker or the beneficiaries of the worker forthwith."

[2] ORS 742.504(7) provides, in part:

$50,000 limit the $17,170.49 received by plaintiff and her attorney from the tort settlement and also the $28,261.24 plaintiff received in workers' compensation benefits, leaving $4,568.27 on plaintiff's UIM coverage. Plaintiff agreed with defendant that defendant was entitled to deduct the amount of workers' compensation benefits she received, but she disagreed with defendant regarding the $10,755.74 from the tort settlement. Rather, she argued that, of the $17,170.49 from the tort settlement, $10,755.74 was paid to her attorney and only $6,414.75 was paid to her. Thus, only $6,414.75 should have been deducted from the policy limits, leaving $15,324.01.[3]

The trial court denied plaintiff's motion and granted defendant's motion, ruling that defendant was entitled to offset $45,431.73 against its UIM limits leaving a balance of $4,568.27. The parties then stipulated to entry of judgment in favor of plaintiff in the amount of $4,568.27. The trial court signed and entered the stipulated judgment. That stipulated judgment provides:

---

"(c) Any amount payable under the terms of this coverage because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by:

"(A) All sums paid on account of such bodily injury by or on behalf of the owner or operator of the uninsured vehicle and by or on behalf of any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under the bodily injury liability coverage of the policy; and

"(B) The amount paid and the present value of all amounts payable on account of such bodily injury under any workers' compensation law, disability benefits law or any similar law."

[3] For ease, we provide the following mathematical calculations to illustrate plaintiff and defendant's arguments:

| Plaintiff: | $50,000 | (UIM limits) |
|---|---|---|
| | - $ 6,414.75 | (tort settlement received by plaintiff) |
| | - $28,261.24 | (workers' compensation benefits) |
| | $15,324.01 | (total UIM benefits remaining) |
| Defendant: | $50,000 | (UIM limits) |
| | - $17,170.49 | (tort settlement received by plaintiff plus attorney fees and costs) |
| | - $28,261.24 | (workers' compensation benefits) |
| | $ 4,568.27 | (total UIM benefits remaining) |

"Having received the Court's Order Allowing Defendant's Motion for Summary Judgment herein, the parties hereby stipulate that judgment for Plaintiff and against Defendant shall be entered in the amount of $4,568.27 together with costs and disbursements in the amount of $445.00 and attorney fees, if any, to be determined pursuant to ORCP 68C. The Court is now fully advised.

"**IT IS NOW HEREBY ORDERED AND ADJUDGED** that judgment be and the same hereby is entered in favor of Plaintiff and against Defendant in the amount of $4,568.27, together with costs and disbursements in the amount of $445.00

"DATED this 21 day of September, 1999.

> "[/s/ Lyle C. Velure]
> Hon. Lyle C. Velure
> Circuit Judge

"**IT IS SO STIPULATED:**

"[Signature of Counsel for plaintiff]

"[Signature of Counsel for defendant]"

Plaintiff appeals from that stipulated judgment, arguing that the trial court erred when it concluded that the $10,755.74 in attorney fees and costs from the tort settlement were deductible from the UIM limits.

■■    No appeal may be taken from a stipulated judgment. *Rauda v. Oregon Roses, Inc.*, 329 Or 265, 269, 986 P2d 1157 (1999) (a stipulated judgment is not appealable under ORS 19.245 (1997)). A stipulated judgment "is a judgment entered with the consent of *both* the party against whom the judgment is entered *and* the party in whose favor the judgment is entered." *Russell v. Sheahan*, 324 Or 445, 450, 927 P2d 591 (1996) (emphasis in original).

■    We asked the parties to show cause why the appeal in this case should not be dismissed for lack of jurisdiction. Plaintiff responded that *Rauda* is distinguishable and its case "squarely meets the requirements of" ORS 19.245.[4] We disagree. The only distinction between *Rauda* and this case

---

[4] Plaintiff's response stated that defendant agreed with plaintiff that there is appellate jurisdiction in this case.

is that in *Rauda* the parties attempted to reserve a right to appeal the stipulated judgment in the judgment itself. 329 Or at 267. The Supreme Court held that that reservation had no legal effect because a stipulated judgment is not appealable regardless of any attempt to preserve a right to appeal. *Id* at 272.

Plaintiff also argued that it was a mistake for the parties to label the judgment as "stipulated" in this case. Specifically, plaintiff alleged:

"The judgment was not 'by stipulation' as contemplated by ORCP 67 F. Rather, defendant agreed that plaintiff's damages exceeded the UIM policy limits, and the issue to be resolved by the trial court was whether attorney fees taken from the liability settlement applied as an offset against the UIM policy limits. After a contested summary judgment proceeding, the trial court ruled that the UIM policy limits were to be offset by the attorney fees from the liability settlement. There was nothing else to litigate, so the parties agreed to a judgment consistent with the ruling of the trial court. The only 'stipulation' was as to the language of the judgment. The document should rightly have been labeled 'judgment,' rather than 'stipulated judgment.' "

Regardless of whether the judgment was labeled stipulated, the key to focus upon is whether both parties consented to the entry of judgment.

"[T]his court has never varied from the fundamental principal that a party may not take an appeal from a judgment to which that party consented. Consent to judgment terminates all controversy regarding the correctness of the court's interlocutory legal rulings before judgment and regarding the adequacy of the relief to which the parties have agreed." *Russell*, 324 Or at 454.

The parties in this case consented to a judgment in favor of plaintiff for $4,568.27. That judgment is not appealable.

Appeal dismissed for lack of jurisdiction.

**DEITS, C. J.,** concurring.

I agree that we must conclude, under *Russell v. Sheahan*, 324 Or 445, 927 P2d 591 (1996), that this court lacks jurisdiction to consider this appeal. I write separately to

emphasize that this case presents a set of facts that has not previously been considered by either the Supreme Court or this court and that might, were we free to do so, justify reconsideration of the breadth of the holding in *Russell*.

"The right to obtain appellate review is statutory and subject to limitations imposed by the statute conferring the right." *Ososke v. DMV*, 320 Or 657, 659-60, 891 P2d 633 (1995). The pertinent statute in this case, ORS 19.245 (1997),[1] provides, in part:

> "Any party to a judgment or decree, other than a judgment or decree given by confession or for want of an answer, may appeal therefrom. The plaintiff may appeal from a judgment or decree given by confession or for want of an answer where such judgment or decree is not in accordance with the relief demanded in the complaint."

In *Russell*, the Supreme Court considered whether a stipulated judgment entered pursuant to ORCP 54 E is appealable. The court ultimately concluded that ORS 19.245 (1997)[2] "does not authorize an appellate court to exercise jurisdiction over a stipulated judgment * * *." *Russell*, 324 Or at 454-55. The court analyzed separately each of the two sentences of ORS 19.245 (1997) quoted above. The court first addressed the second sentence. The court observed that both types of judgments referred to in that sentence—a judgment by "confession" and a judgment for want of an answer—are judgments entered pursuant to the unilateral act of a defendant only. The court contrasted those types of judgments with a "stipulated judgment," to which both parties consent. *Id.* at 449-50. The court concluded that, because the second sentence of ORS 19.245 (1997) omitted reference to "stipulated" judgments, but instead included other, well-defined kinds of judgments, that sentence could not be viewed as authorizing an appeal of a stipulated judgment. *Id.* at 450.

---

[1] ORS 19.245 was amended effective October 23, 1999. Or Laws 1999, ch 367, § 1. The notice of appeal in this case was filed October 19, 1999. Accordingly, we apply the version of the statute that was in effect when plaintiff filed her notice of appeal.

[2] *Russell* refers to ORS 19.020. ORS 19.020 was renumbered in 1997 as ORS 19.245.

The court then turned to the first sentence of ORS 19.245 (1997). As viewed by the court, the question presented was whether a party who has stipulated to a judgment may be considered a "party to a judgment" as that phrase is used in the first sentence of ORS 19.245 (1997). *Id.* at 450-51. The court began its analysis of that question by noting:

> "This court has developed a body of principles that serve to assure that every appeal presents, at every stage of appellate litigation, a genuine controversy for decision. * * * One of those principles is that a party waives the right to appeal a judgment to which that party has consented."

*Id.* at 451. The court then reviewed a number of its previous cases in which it had concluded that, because the party seeking to appeal had stipulated to the judgment, that party had waived the right to appeal. The court concluded:

> "The preceding analysis demonstrates that this court has never varied from the fundamental principle that a party may not take an appeal from a judgment to which that party consented. Consent to judgment terminates all controversy regarding the correctness of the court's interlocutory legal rulings before judgment and regarding the adequacy of the relief to which the parties have agreed."

*Id.* at 454.

As the majority points out, the above conclusion of the Supreme Court appears to definitively answer the question of whether we have jurisdiction in this case. 174 Or App at 213. Because plaintiff stipulated to the judgment from which she now seeks to appeal, she is not a "party to the judgment," and ORS 19.245 (1997) precludes her appeal, as the Supreme Court construed that statute in *Russell*. Accordingly, as the majority correctly holds, we lack jurisdiction to consider this appeal.

A review of the cases in which the Supreme Court and this court have concluded that stipulating to a judgment precludes a party from appealing—and a comparison of those cases with this case—causes me to question whether the holding in *Russell* might have been too broadly stated. In *Rader v. Barr*, 22 Or 495, 495, 29 P 889 (1892), the defendant denied each material allegation in the plaintiff's complaint. Nonetheless, "both the plaintiff and the defendant appeared

in * * * court, and the defendant consented that judgment be rendered against him for the amount demanded by the complaint * * *." In *Schmidt v. Oregon Mining Co.*, 28 Or 9, 40 P 406 (1895), the plaintiff moved for judgment on his complaint, the defendant consented to judgment, and the court entered judgment after the parties agreed to its terms in open court. In *Twitchell v. Risley*, 56 Or 226, 107 P 459 (1910), the plaintiff demurred to the defendant's answer, and the trial court sustained the demurrer. The parties entered an agreement that the plaintiff should have judgment against the defendant and asked the court to enter judgment accordingly. In *Schoren v. Schoren*, 110 Or 272, 293-94, 222 P 1096 (1924), the parties agreed to a settlement, while the trial was underway, which the attorneys together dictated to the court reporter. In *Basche-Sage Hdw. Co. v. De Wolfe*, 113 Or 246, 231 P 135 (1925), the trial court sustained the defendant's demurrer to the first cause of action of the plaintiff's complaint. After the defendant answered the remaining causes of action, the parties filed a stipulation allowing the plaintiff to take judgment on all causes of action except the first. In *Westfall v. Wilson*, 255 Or 428, 429, 467 P2d 966 (1970), when the case came on for trial, the parties agreed to enter a "stipulated judgment order." In *Nieminen v. Pitzer*, 281 Or 53, 573 P2d 1227 (1978), when the case was called for trial, the parties informed the court that they had reached an agreement and explained the terms of the agreement; the trial court entered a judgment accordingly.

In *Russell*, the plaintiff asked for class certification. The trial court refused to order class certification and also refused the plaintiff's subsequent request to enter an order permitting an interlocutory appeal of the denial of certification. The defendant then offered to suffer judgment, and the plaintiff accepted the offer. In *Rauda v. Oregon Roses, Inc.*, 329 Or 265, 986 P2d 1157 (1999), the defendant moved to dismiss the complaint for failure to state a claim. The trial court granted the defendant's motion as to one cause of action but denied it as to the remaining cause of action. The parties then stipulated to a judgment in which the parties agreed that the plaintiffs could have judgment against the defendant on the nondismissed cause of action. In *Jensen and Jensen*, 169 Or App 19, 7 P3d 691 (2000), after the husband had moved to

modify child and spousal support obligations under a dissolution judgment, the parties appeared before the court and entered into a stipulated agreement disposing of the husband's request for modification. Most recently, in *Davis v. Act III Theatres, Inc.*, 170 Or App 524, 13 P3d 164 (2000), after the trial court dismissed the plaintiffs' first and third claims, the plaintiffs agreed to dismiss their second claim, and the parties submitted a stipulated dismissal to the trial court.

Two common features emerge from the above cases. First, in each case, it appears that the parties entered a stipulated judgment at a point in the proceedings at which there remained something for the trial court to do to resolve the dispute—something that could have led to an appealable judgment. In other words, but for the stipulation, the case would have proceeded to a disposition requiring a decision by the court. Second, it appears to be a common scenario in the cases that, by entering a stipulated judgment at the point they did, the parties were attempting to, in effect, obtain interlocutory review of an intermediate order that would have been reviewable, if ever, only after the entry of a final judgment. *See Allen v. County of Jackson*, 169 Or App 116, 121, 7 P3d 739 (2000) (core of reasoning that stipulated judgments are not appealable is proposition that parties cannot create a right to appeal from a stipulated judgment that is not otherwise appealable).

What occurred here is different. Here, each of the two parties had filed motions for summary judgment. The trial court had granted one of the motions. All that remained for the case to be in an appealable posture was for the trial court to enter judgment accordingly. No further decision on the part of the court was necessary. Much of the justification for holding stipulated judgments to be nonappealable appears to be traceable to a concern that the parties have "collu[ded] or improperly acquiesce[d]," *Schoren*, 110 Or at 290, in obtaining the judgment, making its entry a formality requiring no true judicial act. *See Twitchell*, 56 Or at 228. The *Russell* court itself acknowledged as much by observing that the principle that a party that consents to a judgment waives the right to appeal is part of the broader jurisprudential concern with the presence of a true controversy. 324 Or at 451; *see also Allen*, 169 Or App at 121-22 (dispositive factor in

determining that judgment had not been stipulated to was that parties litigated contested issues on which the court made rulings). In this case, there was a true controversy at every meaningful level; both parties filed motions for summary judgment, and each opposed the other's motion for summary judgment. The parties ran afoul of *Russell* only because they jointly prepared, and "stipulated" to, a document reflecting the trial court's disposition of those motions. In my view, the policies underlying the court's reasoning in *Russell* and other cases holding stipulated judgments to be nonappealable do not justify precluding an appeal in this case. As discussed above, however, under the language of *Russell,* the majority is correct that we are compelled to conclude that we lack jurisdiction in this case.

For the reasons stated above, I concur.

Haselton, P. J., joins in this concurrence.