Argued and submitted February 25, 2020, appeal dismissed February 18, 2021

James VARDE,
*Plaintiff-Appellant,*
*v.*
RUN! DAY CAMP FOR DOGS, LLC,
an Oregon limited liability company;
and Erica Ochs,
*Defendants-Respondents.*

Columbia County Circuit Court
16CV35059; A168924

482 P3d 795

In this civil case, the parties executed an agreement after a judicial settlement conference that required, in part, plaintiff to make monthly payments to defendants. The settlement agreement further provided that, if plaintiff failed to timely pay, defendants would be entitled to file and execute a stipulated general judgment and money award that was attached to the agreement as an exhibit. Plaintiff failed to make timely payments, and the trial court—at defendants' request and over plaintiff's objection—entered the stipulated general judgment as contemplated by the settlement agreement. Plaintiff appeals from that stipulated judgment and argues that the court erred in failing to hold a hearing before setting aside the general judgment of dismissal and entering the stipulated judgment. *Held*: The Court of Appeals does not have appellate jurisdiction over the stipulated judgment. Generally, a party may not appeal from a stipulated judgment unless the party specifically reserves the right to appeal in the judgment or meets an exception to the general rule. Because plaintiff did not reserve a right to appeal in the stipulated judgment or meet one of the exceptions to the general rule, the court does not have appellate jurisdiction.

Appeal dismissed.

Cathleen B. Callahan, Judge.

George W. Kelly argued the cause and filed the brief for appellant.

John D. Ostrander, and Elliot, Ostrander & Preston, P. C., filed the brief for respondents.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kamins, Judge.

POWERS, J.

Appeal dismissed.

**POWERS, J.**

In this appeal, which arises out of a dispute about whether plaintiff was underpaid or overpaid for work performed, the threshold question is whether we have appellate jurisdiction. In the underlying proceeding, the parties executed an agreement after a judicial settlement conference that required, in part, plaintiff to make monthly payments to defendants.[1] The settlement agreement further provided that, if plaintiff failed to timely pay, defendants would be entitled to file and execute a stipulated general judgment and money award that was attached to the agreement as an exhibit. Plaintiff failed to make timely payments, and the trial court—at defendants' request and over plaintiff's objection—entered the stipulated general judgment as contemplated by the settlement agreement. Plaintiff now appeals from that stipulated judgment, which awarded $80,000 in damages to defendants, assigning error to the court's entry of the stipulated judgment, failure to hold a hearing before doing so, and decision to set aside a judgment of dismissal before it entered the stipulated judgment. As explained below, however, we do not have appellate jurisdiction over the stipulated judgment, and we dismiss this case without reaching the merits of plaintiff's arguments.

The relevant facts are mainly procedural and are undisputed. Plaintiff filed a claim for unpaid wages after performing repair work. Defendants answered by denying plaintiff's claims and asserting several counterclaims including fraud and breach of contract. Ultimately, the parties settled their dispute after a judicial settlement conference and entered into a settlement and release agreement that included a provision where plaintiff would pay defendants $15,000 plus interest at a rate of $300 per month to be made on the first of each month. The settlement agreement further provided that, "[i]n the event of failure to timely pay the Settlement Amount, [plaintiff] shall be in default, and [defendants] shall be entitled to file and execute on the Stipulated General Judgment & Money Award." Both parties signed the agreement, and the trial court entered a general judgment of dismissal.

---

[1] Defendants are Erica Ochs and her business, Run! Day Camp for Dogs, LLC. We refer to them collectively as "defendants" in this opinion.

A few months later, defendants moved to set aside the judgment of dismissal alleging that plaintiff failed to make timely payments. Plaintiff, who was representing himself at the time, responded by filing a motion to "have a hearing" so that the court could hear his objection to the motion to set aside the default and to entering the general judgment. Although he admitted that he "was unable to make a payment on time," plaintiff asked the court for a hearing so that he could "provide many more details to support [his] position." Importantly, none of his articulated objections challenged the terms of the settlement agreement. Without a hearing, the court granted defendants' motion and signed an order setting aside the general judgment of dismissal. The court then entered the stipulated general judgment, and plaintiff initiated this appeal by filing a notice of appeal from that stipulated general judgment.[2]

On appeal, the parties advance various arguments regarding whether the trial court erred in failing to hold a hearing before it set aside the general judgment of dismissal and before entering the stipulated general judgment. According to plaintiff, a hearing on the motion to set aside "was required because the parties had made opposing factual claims and, unless the court took evidence, there was no way for it to determine which claim to believe." Plaintiff further argues that this case "must be remanded so that the court can take evidence, establish whether plaintiff in fact was late on his payments and, assuming that he was late, determine whether the lateness was waived." (Emphasis omitted.) Defendant remonstrates that "[t]he record, including Plaintiff's admissions, shows that Plaintiff was late on his required monthly payment, and there is no legal excuse for Plaintiff's breach."

_____

[2] Plaintiff attached only the stipulated general judgment to the notice of appeal and did not attach the order setting aside the earlier general judgment, which was separately appealable. *See* ORS 19.205(3) ("An order that is made in the action after a general judgment is entered and that affects a substantial right, including an order granting a new trial, may be appealed in the same manner as provided in this chapter for judgments."); *Bhattacharyya v. City of Tigard*, 212 Or App 529, 535, 159 P3d 320 (2007) (holding that an order setting aside a default judgment is appealable as an order affecting a substantial right under ORS 19.205(3)). Plaintiff's argument on appeal instead assumes that the order setting aside the initial general judgment of dismissal is appealable as part of the appeal from the stipulated general judgment. Given our disposition, we need not address whether that assumption is correct.

Although not raised by the parties, we first consider whether we have jurisdiction over an appeal from a stipulated general judgment. *See Concienne v. Asante*, 299 Or App 490, 497, 450 P3d 533 (2019), *rev den*, 366 Or 135 (2020) (explaining that "we have an independent obligation to consider jurisdictional issues *** even where the parties have failed to fully explore the issue" (internal quotation marks and citation omitted)). In this case, both parties assert without further explanation that we have jurisdiction under ORS 19.205.[3]

It is axiomatic—in the non-mathematical sense—that the source of our appellate jurisdiction is statutory. *See, e.g.*, *City of Lowell v. Wilson*, 197 Or App 291, 296, 105 P3d 856, *rev den*, 339 Or 406 (2005) (so recognizing); *Rauda v. Oregon Roses, Inc.*, 329 Or 265, 268, 986 P2d 1157 (1999) ("An appellate court cannot exercise appellate jurisdiction over an appeal unless a statute authorizes an appeal from the judgment or order that the trial court entered."). Moreover, it is long settled that parties may not create appellate jurisdiction by stipulation. *See, e.g.*, *Brodine v. Employment Exchange, Inc.*, 33 Or App 237, 240, 576 P2d

---

[3] ORS 19.205 provides:

"(1) Unless otherwise provided by law, a limited judgment, general judgment or supplemental judgment, as those terms are defined by ORS 18.005, may be appealed as provided in this chapter. A judgment corrected under ORCP 71 may be appealed only as provided in ORS 18.107 and 18.112.

"(2) An order in an action that affects a substantial right, and that effectively determines the action so as to prevent a judgment in the action, may be appealed in the same manner as provided in this chapter for judgments.

"(3) An order that is made in the action after a general judgment is entered and that affects a substantial right, including an order granting a new trial, may be appealed in the same manner as provided in this chapter for judgments.

"(4) No appeal to the Court of Appeals shall be taken or allowed in any action for the recovery of money or damages only unless it appears from the pleadings that the amount in controversy exceeds $250.

"(5) An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment or order entered in an action, unless appeal is expressly prohibited by the law authorizing the special statutory proceeding.

"(6) Nothing in ORS chapter 18 affects the authority of an appellate court to dismiss an appeal or to remand a proceeding to the trial court under ORS 19.270 (4) based on the appellate court's determination that the appeal has not been taken from an appealable judgment or order."

384, *rev den*, 283 Or 1 (1978). Various statutes govern how a party may initiate an appeal and proscribe the requirements for perfecting the appeal. *See generally* ORS 19.240 - 19.270 (describing requirements for appellate jurisdiction in the Court of Appeals and the Supreme Court). Specific to the circumstances raised in this appeal, ORS 19.245 outlines when a party may appeal from a stipulated judgment:

> "(3)   A party to a stipulated judgment may appeal from the judgment only if:
>
> "(a)   The judgment specifically provides that the party has reserved the right to appellate review of a ruling of the trial court in the cause; and
>
> "(b)   The appeal presents a justiciable controversy."

Here, the stipulated judgment does not specifically provide for a reservation of rights to appeal. Accordingly, unless an exception applies, plaintiff may not appeal from the stipulated judgment because he did not reserve his right to do so. *Benavente v. Thayer*, 285 Or App 148, 152 n 4, 395 P3d 914 (2017) (recognizing general rule under ORS 19.245(3)(a)).

There are two exceptions to this general rule prohibiting appeals from stipulated judgments. The first exception is where there are inconsistent terms. That is, a party may assert on appeal that the terms of the stipulated judgment are inconsistent with the stipulation. *See id.* Plaintiff did not argue to the trial court that the terms of the stipulated judgment were inconsistent with the settlement agreement, and he does not make that argument on appeal.

The second exception to the general rule is a challenge to consent. That is, "the validity of a stipulated judgment can be challenged on appeal on the ground that the party did not consent to it." *Hoogendam and Hoogendam*, 273 Or App 219, 220 n 1, 359 P3d 376 (2015); *see also Brown and Shiban*, 155 Or App 238, 241, 963 P2d 105 (1998), *rev den*, 328 Or 594 (1999) ("[T]he prerequisite to application of [the rule of appealing from stipulated judgments] has always been actual consent to the entry of the judgment.").

At first blush, it may seem plausible to conclude that, because plaintiff filed two motions in response to

defendant's motion to set aside and subsequently filed an appeal from the stipulated judgment, he raised an argument that he did not "consent" to the entry of the stipulated judgment. Fairly read, however, such an argument does not challenge his consent to the settlement agreement itself. That is, we do not perceive plaintiff to challenge the stipulated judgment on the ground that he did not consent to the settlement agreement; rather, his arguments focus on whether the trial court properly entered the stipulated judgment without a hearing on why he could not make a timely payment. The arguments about the correctness of the trial court's determination to enter the stipulated judgment are not cognizable where plaintiff stipulated to the entry of the judgment. *See Russell v. Sheahan*, 324 Or 445, 454, 927 P2d 591 (1996) ("Consent to judgment terminates all controversy regarding the correctness of the court's interlocutory legal rulings before judgment and regarding the adequacy of the relief to which the parties have agreed."); *Thompson v. State Farm Mutual Auto. Ins. Co.*, 174 Or App 208, 213, 25 P3d 387, *rev den*, 332 Or 430 (2001) (explaining that the focus is on "whether both parties consented to the entry of judgment").

Indeed, ORCP 67 F(2)—the rule on stipulated judgments—provides that a "stipulation for judgment may be in a writing signed by the parties, their attorneys, or their authorized representatives." Here, as described above, the parties reduced their settlement agreement to a writing in which it specifically contemplated the entry of a stipulated judgment upon plaintiff's failure to pay as required by the terms of the settlement agreement. Therefore, it cannot be said that plaintiff did not consent to the stipulated judgment.

Without plaintiff satisfying the requirements of ORS 19.245 or meeting any of the established exceptions, we conclude that the general rule that prohibits taking an appeal from a stipulated judgment applies in this case. Accordingly, we do not have appellate jurisdiction and therefore we must dismiss.

Appeal dismissed.